Edith McGee, Plaintiff-Appellee, v. Liddell McGee, Defendant-Appellant.

Gen. No. 11,531.

Second District, First Division.

June 16, 1962.

Rehearing denied July 9, 1962.

John R. Snively, of Rockford, for appellant.

Samuel L. Dean, Jr., of Rockford, for appellee.

McNEAL, J.

On December 8, 1959, the Circuit Court of Winnebago County entered an order waiving the 60-day statutory restriction (Ill Rev Stats 1959, c 40, §§ 7b, 7c) against the filing of a complaint for divorce and granted plaintiff, Edith McGee, permission to file a complaint for divorce immediately. In her complaint plaintiff alleged that she and the defendant, Liddell McGee, were married on March 24, 1943, at Jackson, Mississippi, that they lived together until their separation on December 4, 1959, and that defendant had been guilty of habitual drunkenness for more than two years. Defendant's motion to strike the complaint was denied. On May 2, 1960 defendant filed an answer denying the allegations of drunkenness and demanded a trial by jury. Subsequently the demand was withdrawn, the cause was tried by the court without a jury on November 14, 1960, and a decree was entered awarding plaintiff a divorce. Defendant's motion to vacate the decree was denied, and defendant appealed.

Defendant's theory on appeal is that plaintiff failed to make a proper case for waiver of the 60-day waiting period, that the complaint was fatally defective, that the trial court should not have issued a temporary injunction, that the evidence was insufficient to support the decree, and that the court erred in denying the motion to vacate the decree. Plaintiff contends that the court properly waived the statutory restriction, that the complaint states a cause of action, that the injunction was granted pursuant to statute, that the evidence was ample to support the decree, and primarily that this appeal was premature and not taken from a final decree.

106

■ In her complaint plaintiff prayed for dissolution of the marriage, issuance of a temporary injunction, an award of her separate property, household goods and her portion of the property acquired by the parties during the marriage, an allowance for necessary expenses including fees and costs, a suitable property settlement, restoration of her maiden name, and other relief. In its decree the court granted the parties a divorce, restored plaintiff's maiden name, and ordered that "the question of property settlement, alimony and attorney fees are reserved for the future consideration of this court." Thus, multiple claims for relief were involved in plaintiff's action. Under such circumstances section 50(2) of the Civil Practice Act provides that the court may enter a *final* decree as to fewer than all of such claims only upon an express finding that there is no just reason for delaying appeal, and that in the absence of that finding, any decree which adjudicates fewer than all of such claims is not appealable.

In Ariola v. Nigro, 13 Ill2d 200, 207, 148 NE2d 787 where the trial court reserved jurisdiction for the purpose of ascertaining damages, the Supreme Court said that section 50(2) was aimed at discouraging piecemeal appeals, and intended to apply wherever a decree determines fewer than all the rights and liabilities at issue, and dismissed the appeal for appellant's failure to obtain an express finding that there was no reason for delaying appeal until the matter reserved by the trial court had been decided. Likewise, where a decree resolved with finality the title to real estate, but referred the cause to a master to take evidence relative to an accounting between the parties, and contained no express finding by the trial court that there was no just reason for delaying appeal until all the claims, rights or liabilities were adjudicated,

the Supreme Court dismissed the appeal. Hanley v. Hanley, 13 Ill2d 209, 148 NE2d 792.

■ In the Ariola case the Court indicates that section 50(2) neither curtails nor grants appellate jurisdiction, but fixes the procedure in the trial court and leaves to its discretion the conditions affecting the terms upon which an appeal may be taken in advance of a determination of the entire case, and thereby enables litigants to determine with certainty when a judgment adjudicating fewer than all the matters involved is appealable.

■ ■ In the instant case the trial court made no such express finding that there was no just reason for delaying appeal, but on the contrary expressly found that there were still property rights to be adjudicated between the parties and reserved for future consideration of that court the matters of property settlement, alimony and fees. In the absence of the express finding required by section 50(2) the decree which adjudicates fewer than all the matters in controversy between the parties was not appealable, and we are bound on our motion to dismiss this appeal, for lack of jurisdiction, even though the plaintiff as appellee made no motion to that end. La Vida, Inc. v. Glader, 33 Ill App2d 243, 246, 178 NE2d 412.

Appeal dismissed.

DOVE, P. J. and SMITH, J., concur.