Betty Dolar Kazubowski, Plaintiff-Appellee, v. Edward J. Kazubowski, Defendant-Appellant.

Gen. No. 66–101.

Third District.

March 14, 1968.

Cassidy, Cassidy, Quinn & Lindholm, of Peoria, and Anna A. Phelps, of Kewanee, for appellant.

Gregg A. Young, of Kewanee, for appellee.

PER CURIAM.

The nature of the appeal and the proceedings in this Court can best be understood by a recital of what apparently transpired in the trial court.

The proceeding arose as an action for divorce by Betty Dolar Kazubowski as against appellant, Edward J. Kazubowski. As a result of a jury trial, the issues on the complaint of plaintiff were found in favor of plaintiff and against defendant (and as against defendant on defendant's counterclaim). By reason thereof, a decree for divorce was entered on June 13, 1966. There were no children of the parties and no custody problems are involved.

The decree contained a recital that there was "no reason for delaying enforcement or appeal of this portion of the order" as an attempt to comply with section 50(2) of the Civil Practice Act (1965 Ill Rev Stats, c 110, § 50(2)). The decree made no adjustment of property rights but such matters were reserved by the court for later determination. On July 12, 1966, a post-trial motion was heard with respect to the decree of June 13, 1966, and such motion was denied.

Thereafter, on July 25, 1966, a four-page stipulation was entered into by attorneys for each of the parties pre-

sumably settling all property rights. Among other things the stipulation provided for a $15,500 payment by the defendant (the husband) to the plaintiff and such payment was to be secured by a "second mortgage" on property which was owned jointly. To carry this into effect, the interest of the plaintiff was to be conveyed by plaintiff to defendant. The property was owned in joint tenancy during the marriage and there was a first mortgage on it. However, since the divorce action had been instituted, a judgment had been entered as against defendant by confession in the sum of $10,000, in favor of the mother of defendant, Mary Kazubowski. Since a second mortgage would amount, under such conditions, to a third lien, the court decree which was entered later in August, which adopted the stipulation, provided that defendant should secure his payment of $15,500 with a "second lien." The decree further provided that plaintiff (wife) could retain her joint interest in the property until she was given a "second lien" on the property. It is this provision in the stipulation and the action of the court in the decree which appears to be the basis of the problems which arise in this cause. The defendant had filed a motion to amend the stipulation prior to the time the decree was actually entered pursuant to such stipulation.

On July 27, 1966, defendant filed a motion for continuance requesting that no hearing be held on the property division until the divorce decree became final by failure of defendant to file notice of appeal within 30 days after the denial of the post-trial motion which was on July 12, 1966. This motion apparently gave recognition to the recital contained in the decree that there was no reason for delaying enforcement or appeal of the portion of the order decreeing that a divorce was granted.

On August 31, 1966, the court entered the property settlement decree which contained the "second lien" pro-

vision hereinabove referred to. The decree was presumably entered pursuant to stipulation of the parties and following appearance of attorneys for the parties in court. At the same time, the court denied defendant's motion to modify the stipulation and the decree, and the property settlement decree was entered. Thereafter, on September 6, 1966, defendant filed objections to the decree on the ground that the court had incorrectly modified the stipulation between the parties. On September 8, 1966, plaintiff filed a petition requesting that defendant be cited for contempt and be ordered to pay attorney's fees. On September 15, 1966, defendant filed amended objections and motion to vacate the decree and an answer to the petition filed by plaintiff.

On September 15, 1966, defendant filed a notice of appeal from the decree of August 31, 1966, covering property settlement in this cause. On this same date, September 15, 1966, a hearing was held with respect to plaintiff's relief requested. The only testimony offered at such time was that of plaintiff's attorney. On cross-examination he was asked about the negotiations with respect to the stipulation and he stated unequivocally that he refused to take anything less than a second lien as security against defendant's obligation to pay the $15,500. The court entered an order overruling defendant's objections; allowing citations for contempt; finding defendant in contempt for failure to pay $4,900 on September 1, 1966; allowing $500 attorney's fees for plaintiff's counsel; holding defendant in willful contempt; and directing the clerk to issue a mittimus committing defendant to jail for six months or until he sooner purges himself by payment of $5,400.

On September 19, 1966, plaintiff filed a petition for alimony during the period of appeal and for attorney's fees to pay for the appeal. Defendant filed a special and limited appearance to this motion. On September 23, 1966, a hearing was held in regard to the relief requested

on the petition of September 19 referred to and the court awarded $70 a week as alimony and $1,700 as attorney's fees to plaintiff to be paid by defendant. On September 28, 1966, plaintiff filed a petition for a rule to show cause why the September 23, 1966, order was not complied with. Defendant replied to such petition and on September 29, 1966, asked that the September 23 order be included in the appeal. The court allowed this but ordered that the June 13, 1966, decree (the original divorce decree) was not to be part of the appeal. Thereafter, in October and November there were a series of petitions and orders dealing with enforcement of the decree by contempt and also allowing defendant to include these various later orders in the appeal.

On appeal in this court, defendant contends that it was reversible error to exclude matters prior to July 12, 1966, from the record on appeal. This is based on the contention asserted that the decree for a divorce only is not enforceable nor final and appealable. The June 13, 1966, divorce decree, if appealable, would become final 30 days after July 12, 1966, the date upon which the post-trial motion was denied. There was no appeal from such decree during such period. Chapter 110, § 50 (2) (1965 Ill Rev Stats) of the Civil Practice Act provides:

> "If multiple parties or multiple claims for relief are involved in an action, the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or rights and liabilities of fewer than all of the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before entry of the order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties."

131

The question before us is whether this section operates to make the June 13 decree a decree which was not final or appealable.

It is the contention of the defendant that the June 13, 1966, decree could not be construed as a final and appealable order even if there was the finding referred to in section 50(2) on the basis of Biagi v. O'Connor, 18 Ill2d 238, 163 NE2d 461, and Davis v. Childers, 33 Ill2d 297, 211 NE2d 364. In the Biagi case (which involved a partnership accounting) a decree was entered dismissing a countercomplaint and referring the matter to a Master. It involved a decree entered in June, 1954, before section 50(2) was passed. A later decree was entered in July, 1956. The Appellate Court, in construing the section, stated that it was procedural and applied it retroactively. The basic question in the Biagi case was that of constitutionality of such retroactive application and is not a precedent for construction of the issue before us.

In Davis v. Childers, supra, there was a trial before a jury in an automobile accident case. The jury found for the defendant but the trial judge entered a judgment notwithstanding the verdict for plaintiff and in that judgment provided there was no reason for delaying the appeal. The question of damages was reserved for determination. The appeal was dismissed in the Appellate Court and this action was affirmed in the Supreme Court on the ground that section 50(2) could not apply even if the judge provided that there could be an immediate appeal. The court there found that there was only a single claim and a single party involved. This tort action is not a precedent to be applied in a divorce action where there is both a termination of the marriage, and an independent, supplementary claim for property settlement even though the relief as to both is sought in one complaint. They are in fact separate claims.

In McGee v. McGee, 36 Ill App2d 105, 183 NE2d 545, a complaint for divorce on the ground of drunkenness

132

was heard without a jury and a decree was entered awarding plaintiff a divorce. The divorce decree simply ordered that the question of property settlement, alimony and attorney's fees are reserved for future consideration of the court. There was no express finding under section 50(2) that there was no just reason in delaying the appeal, but, on the contrary, the court expressly found that there were still rights to be adjudicated between the parties and which were expressly reserved for future consideration. The court stated that in absence of an express finding required by section 50(2), the decree adjudicated fewer than all of the matters in controversy between the parties and was not appealable. The court expressly stated (at page 107):

> "Thus, multiple claims for relief were involved in plaintiff's action. Under such circumstances section 50(2) of the Civil Practice Act provides that the court may enter a *final* decree as to fewer than all of such claims only upon an express finding that there is no just reason for delaying appeal, and that in the absence of that finding, any decree which adjudicates fewer than all of such claims is not appealable."

 The court in Ariola v. Nigro, 13 Ill2d 200, 148 NE 2d 787, in interpreting section 50(2), also pointed out that no specific finding under section 50(2) was made in that case and consequently a court determination was not appealable. Since on the basis of the record, there was such specific finding in the cause before us in compliance with section 50(2), the decree for divorce was final and appealable. In view of the fact that there was no appeal from such decree, that decree could not be reviewed on this appeal.

 The next issue for consideration was whether the decree of August 31, 1966, was proper. In this connection the first question for review is whether the stipu-

lation by attorneys for both parties signed July 25, 1966, was a proper stipulation and a true agreement of the parties and not invalid because of fraud. The parties admit that it was signed properly by attorneys for both parties at the time. Such stipulation in absence of a showing of fraud is binding upon the parties. A stipulation is an agreement between the parties or their attorneys with respect to business before the court and the courts look with favor upon stipulations designed to simplify, shorten or settle litigation and save costs to the parties (34 ILP 166). It is obvious that one of the parties to a stipulation cannot withdraw from the binding force of such stipulation unless he has the consent of the other party or leave of the court (Vidon v. Roberts, 330 Ill App 104, 69 NE2d 721).

Stipulations between parties are enforced by the courts unless there is a showing that the stipulation is a result of fraud, or is unreasonable or contrary to public morals (People v. Spring Lake Drainage & Levee Dist., 253 Ill 479, 97 NE 1042). In the case before us there was no contention by defendant of any fraud. In fact, the only apparent objection that defendant had to the stipulation appears to be in the variation from the language in the stipulation which referred to a "second mortgage" to a wording of "second lien" in the decree, as an interpretation of what the court felt the parties really intended. It is obvious that stipulations must be construed by the courts when they are enforced as part of a proceeding before the court. In construing a stipulation, the court will look to the actual intention of the parties (General Elec. Co. v. Industrial Commission, 411 Ill 401, 104 NE2d 257; Lake Shore & M. S. R. Co. v. Hessions, 150 Ill 546, 37 NE 905). The interpretation of the trial court that what the parties intended was a mortgage or lien second only to an existing first mortgage was reasonable in light of the facts and record before us.

134

Nothing is shown on appeal in this court to indicate that this interpretation was erroneous or unsound, nor was any question of fraud raised with respect to this stipulation. We, therefore, conclude that defendant cannot now claim that he is not bound by the stipulation and the interpretation thereof by the trial court. Since the stipulation entered into by attorneys was valid and the decree was proper under the record, we find no basis for setting aside or modifying such decree.

It is also contended in this court that the refusal of the trial judge to permit the entire record to be included in the appeal was reversible error. Defendant filed a praecipe for the entire record to which plaintiff objected with respect to the inclusion of any proceedings prior to August 31, 1966. A docket entry was made sustaining objections to the praecipe (although plaintiff contends that since the clerk had not entered the order on the objections, defendant could still have brought up the entire record on appeal). Since we have determined that the June 13, 1966, decree was not appealed from, there was no occasion to have a review of the record prior to August 31, 1966. It is, therefore, unnecessary to determine whether or not defendant was inhibited or prevented from bringing that portion of the record to this court on appeal. Such exclusion could not have been error under the record before us.

■■ ■■ The next fundamental question before us is whether the September 15, 1966, order of contempt could be enforced as against defendant within the 30-day period after it was entered. Defendant contends that decrees do not become final and enforceable for a period of 30 days after they are entered. Defendant could have prevented the enforcement of such decree by a proper appeal under section 82 of the Civil Practice Act (1965 Ill Rev Stats, c 110, § 82) and the filing of bond. The appeal would then operate as a supersedeas. This was not done

before the enforcement proceeding on September 15, 1966. Accordingly, the contempt order was valid. Decrees are valid when entered (Horn v. Horn, 234 Ill 268, 84 NE 904). Defendant had an opportunity to suspend the enforcement of the August 31, 1966 decree by institution of an immediate appeal. Under the facts as appear before us, however, the September 15, 1966 contempt order was valid.

■■■ Defendant filed his notice of appeal in this case on September 15, 1966. He then attempted on several occasions to amend the notice of appeal to include a number of later orders including the order of September 23 relating to temporary alimony and attorney's fees. While, under the record, it is uncertain whether the appeal has been perfected as to this order (1965 Ill Rev Stats, c 110, § 101.33), we believe that the record before us is such that there is no showing made in this court that the trial court abused its discretion in entering the order of September 23, 1966. Under the standards reviewed in Micelli v. Micelli, 45 Ill App2d 159, 195 NE2d 233, we feel that no showing is made on appeal that such order was not within the sound discretion of the court.

The appeal of appellant, Edward J. Kazubowski, with respect to the decree for divorce is accordingly dismissed and the decree of August 31, 1966, as well as the orders of September 15, 1966, and September 23, 1966, are affirmed.

Certain appeals dismissed and certain decree and orders affirmed.