EDWARD J. KAZUBOWSKI, Plaintiff-Appellant, *v.* BETTY DOLAR, a/k/a BETTY DOLAR KAZUBOWSKI, Defendant-Appellee.

(No. 70-100;

Third District—December 17, 1970.

Anna Phelps, of Kewanee, for Appellant.

Gregg A. Young, Harper Andrews, and Campbell Andres, all of Kewanee, for appellee.

Mr. PRESIDING JUSTICE RYAN delivered the opinion of the court:

This case involves an appeal from an order of the trial court which granted the defendant's motion to dismiss the complaint. The order of the court recites that the subject matter of the plaintiff's complaint for Declaratory Judgment had previously been adjudicated in a cause entitled "*Betty Dolar Kazubowski v. Edward J. Kazubowski,* Case No. 65-D-1240, General Division, Henry County, Illinois," in which case the plaintiff therein (defendant herein) sought a divorce, property settlement and other relief.

The appeal in the case now before us was taken directly to the Supreme Court of Illinois on the theory that substantial constitutional questions were involved. The Supreme Court did not so find and transferred the case to this court. The complaint herein which was dismissed by the trial court alleges that the decree entered on August 31, 1966 in the Circuit Court of Henry County in the previous case was void for lack of jurisdiction over the subject matter and over the defendant therein, (plaintiff herein) Edward J. Kazubowski, and for other reasons. The plaintiff reasons that since the previous decree was invalid, it cannot be *res judicata* as to the questions raised herein. The principal objection to the August 31, 1966 decree is that it is based on a stipulation of the parties. The plaintiff contends that he never entered into a stipulation personally; that his attorney had no authority to enter into a stipulation and that the plaintiff had repudiated and requested the withdrawal of the claimed stipulation prior to the time that the August 31, 1966 decree was entered.

The August 31, 1966 decree in the previous case did not grant a decree for divorce. That question was tried before a jury with a verdict in favor of the wife and a decree for divorce was entered thereon in June of 1966. Subsequently, pursuant to the stipulation now being questioned the court on August 31, 1966 entered a decree which concerned the property rights of the parties.

An appeal was taken to this court in that case in which the validity of the divorce decree and the property settlement decree were attacked. This court in the case of *Betty Dolar Kazubowski v. Edward J. Kazubowski,* 93 Ill.App.2d 126, 235 N.E.2d 664, dismissed the appeal as to the divorce decree and affirmed the trial court as to the property settlement decree of August 31, 1966. In that case petition for leave to appeal to the Supreme Court of Illinois was denied and a petition for a writ of *certiorari* in the Supreme Court of the United States was also denied. 393 U.S. 1117.

In the previous appeal, the validity of the August 31, 1966, decree was attacked on the grounds that it was based on the stipulation of the attorneys for the parties and that the stipulation was not authorized and invalid. We held in the previous appeal that the stipulation was valid and binding upon the parties. We hold in this appeal that the decision in the previous case was *res judicata* and that the same questions cannot be relitigated in this case by way of a Declaratory Judgment proceeding. *Karis v. Snell,* 11 Ill.2d 233, 142 N.E.2d 46; *Illinois Power Company v. Miller,* 11 Ill.App. 2d 296, 137 N.E.2d 78.

Accordingly, we hold that the order of the trial court dismissing the complaint herein was correct and its judgment is affirmed.

Judgment affirmed.

STOUDER and ALLOY, JJ., concur.