BETTY DOLAR KAZUBOWSKI, Plaintiff-Appellee, *v.* KELLY GILIO *et al.,* Defendants-Appellants.

(No. 71-49; 

Third District—June 24, 1971.

Anna Phelps, of Kewanee, for appellants.

Andrew & Andrew and Grey A. Young, both of Kewanee, (Harper Andrews, of counsel,) for appellee.

PER CURIAM:

This is an appeal from the circuit court of Henry County. The appeal

was originally filed in the Supreme Court of Illinois, who by order transferred the matter to this court for review.

Betty Dolar Kazubowski, plaintiff, brought action in the circuit court of Henry County to collect unpaid divorce case payments secured by two appeal bonds filed in the divorce case. One bond is in the penal sum of $25,000.00 on which defendants Clarence W. Boling and Helen L. Boling were sureties, and the second bond is in the penal sum of $5,000.00 on which the defendant Margaret Gilio was a surety. The motion of plaintiff for a summary judgment was granted in the amount of $15,813.37 against the defendants Clarence W. Boling and Helen L. Boling and the amount of $5,000.00 against the defendant Margaret Gilio. All defendants joined in one appeal from both judgments.

An examination of the brief for the defendants-appellants discloses that there were no issues presented for review. All of the purported issues set forth in their brief pertain only to the validity of the divorce decree entered in the divorce case in which the appeal bonds were filed. This decree was considered in *Kazubowski v. Kazubowski*, 93 Ill.App.2d 126, 235 N.E.2d 664, and was there held to be final and not subject to appeal. The Supreme Court of Illinois denied leave to appeal in 39 Ill.2d 625 and the Supreme Court of the United States denied *certiorari* in 393 U.S. 1117, 89 S.Ct. 993, 22 L.Ed. 122.

■■ The defendants-appellants claim that certain constitutional questions are presented but all of them are directed to the decree of divorce. The Supreme Court of Illinois entered an order transferring this matter to this court for review on the grounds that there were no substantial constitutional questions presented. As we have stated, such constitutional questions as are raised by the defendants-appellants are directed against the divorce decree and were disposed of in *Kazubowski v. Kazubowski*, 45 Ill.2d 405, 259 N.E.2d 282.

■■ Other points and authorities cited in defendants-appellants' brief as grounds for reversal were never raised in the pleadings, nor in any other manner presented to the trial court. It is a well established rule that a point not raised in the trial court cannot be argued in this court. See *Schmelzle v. Transportation Investment Corporation*, 341 Ill.App. 639, 94 N.E.2d 682; *Hedlund v. Miner*, 395 Ill. 217, 69 N.E.2d 862; *Pipe Trades v. Rauch*, 2 Ill.2d 278, 118 N.E.2d 319; 2 I.L.P. 248, Appeal and Error, Sec. 189, and p. 262, Sec. 215.

For the reasons herein set forth the judgments against the defendants entered by the circuit court of Henry County, Illinois, are hereby affirmed.

Judgments affirmed.