*In re* MARRIAGE OF LINDA S. LENTZ, Petitioner and Counterrespondent-Appellee, and LARRY DEAN LENTZ, Respondent and Counterpetitioner-Appellant.

Fourth District   No. 15176

Opinion filed June 21, 1979.

Robert Weiner and Terry L. Fields, both of Springfield, for appellant.

Robert Auler and Daniel King, both of Urbana, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

We consider *sua sponte* the appealability of the instant judgment entered by the circuit court of Champaign County on August 2, 1978, pursuant to sections 401 and 402 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 401 and 402), in favor of petitioner counterrespondent Linda S. Lentz and against respondent counterpetitioner Larry Dean Lentz, dissolving the marriage of the parties and denying the counterpetition for legal separation but reserving questions of maintenance and property division.

We conclude that we have no jurisdiction and, therefore, dismiss the appeal.

At issue is the meaning and effect of section 413(a) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 413(a)) which states:

> "(a) A judgment of dissolution of marriage or of legal separation or of declaration of invalidity of marriage is final when entered, subject to the right of appeal. An appeal from the judgment of dissolution of marriage that does not challenge the finding as to grounds does not delay the finality of that provision of the judgment which dissolves the marriage, beyond the time for appealing from that provision, and either of the parties may remarry pending appeal. An order directing payment of money for support or maintenance of the spouse or the minor child or children shall not be suspended or the execution thereof stayed pending the appeal."

A noted author on Illinois procedure has stated his opinion that section 413(a) is an invalid attempt by the legislature to determine the appealability of judgments and an infringement upon the supreme court's constitutional rule making powers. (Fins, *Impropriety of Illinois Legislature's Infringement Upon the Constitutional Rule-Making Authority of the Supreme Court*, 66 Ill. B. J. 384 (1978).) We deem it our

responsibility to construe any ambiguities in the legislation in such a way as to give it a constitutional construction (*Stubblefield v. City of Chicago* (1971), 48 Ill. 2d 267, 269 N.E.2d 504). We find we are able to give it such a construction.

■■ Our construction is quite simply that the phrase "subject to the right of appeal" does not mean that the judgment is appealable as a matter of right but means that the judgment is subject to whatever right of appeal is available for an order of that nature.

■■ Section 401(3) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 401(3)) states that a judgment of dissolution shall not be entered unless, to the extent that the court has jurisdiction to do so, it has "considered, approved, reserved or made provision for child custody, the support of any child * * *, the maintenance of either spouse and the disposition of property." As we will later explain, we conclude that a judgment of dissolution that disposes of all of the foregoing matters for which claim is made, is appealable as a matter of constitutional right but that those judgments which reserve pending claims for custody, maintenance or property are appealable only if a supreme court rule makes those judgments appealable.

Under article VI, section 11, of the Illinois Constitution of 1870, the legislature was empowered to determine the jurisdiction of the appellate court to hear appeals from the circuit court. Article VI of that constitution was replaced by the Judicial Article of 1962, section 7 of which stated in part:

> "In all cases, other than those appealable directly to the Supreme Court, appeals from *final* judgments of a Circuit Court lie as a matter of right to the Appellate Court * * *." (Emphasis added.) (Ill. Const. 1870, art. VI (1964), §7.)

However, no appeal was permitted from an acquittal after a trial on the merits in a criminal case. Section 7 also stated that the supreme court "shall provide by rule for expeditious and inexpensive appeals" and "may provide by rule for appeals to the Appellate Court from other than final judgments of the Circuit Court." The provision for expeditious and inexpensive appeals is incorporated in article VI, section 16, of the Illinois Constitution of 1970, and the other quoted provisions are contained in section 6 of that article.

■■ The foregoing constitutional provisions and the decisions of the supreme court in *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 237 N.E.2d 495, and *People v. Taylor* (1971), 50 Ill. 2d 136, 277 N.E.2d 878, make clear that the legislature no longer has power to determine the jurisdiction of the appellate court. In *People ex rel. Stamos v. Jones*, the court held invalid section 121—6(b) of the then existing Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1967, ch. 38, par. 121—6(b)), purporting

to prohibit the stay of a sentence for the conviction of a forcible felony. The rationale of the decision was that the Judicial Article of 1962 "placed responsibility for rules governing appeal in the Supreme Court, and not in the General Assembly." (40 Ill. 2d 62, 66, 237 N.E.2d 495, 498.) In *Taylor*, the court reiterated that the legislature had no right to participate in determining the jurisdiction of the appellate court to entertain appeals from the circuit court. *Taylor* held invalid the then existing section 109—3(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1967, ch. 38, par. 109—3(e)) purporting to make unappealable an order suppressing evidence made at preliminary hearing.

Thus, under article VI, section 6, the question of whether judgments, including those of dissolution or legal separation, are appealable depends upon whether they are either (1) "final" within the meaning of that section or (2) made appealable by supreme court rule. Supreme Court Rule 304(a) (58 Ill. 2d R. 304(a)) is crucial to our analysis of both questions. The rule restates the essence of former section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1955, ch. 110, par. 50(2)) which was enacted by virtue of the power vested in the legislature by article VI, section 11, of the Constitution of 1870. The rule states in part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal."

The Committee Comments to Rule 304 (Ill. Ann. Stat., ch. 110A, par. 304, Committee Comments, at 585 (Smith-Hurd 1968)) state: "[I]t is not the court's finding that makes the judgment final, but it is the court's finding that makes this kind of a final judgment appealable." *McGee v. McGee* (1962), 36 Ill. App. 2d 105, 183 N.E.2d 545, and *Kazubowski v. Kazubowski* (1968), 93 Ill. App. 2d 126, 235 N.E.2d 664, concerned the appealability of decrees of divorce entered under prior law and which dissolved the marriage but reserved rulings on disposition of property. In *McGee*, the decree was held to be final as to less than all the claims and thus not appealable. In *Kazubowski*, the decree was ruled to be appealable because it contained the required finding that no just reason existed to delay enforcement or appeal. The general retention of jurisdiction of a matrimonial case in order to make modifications of the decree that might properly be requested from time to time has never been held to deprive a decree of appealability as a matter of right.

Similarly, under section 413(a) of the Marriage and Dissolution of Marriage Act, a judgment of dissolution is final as to the claim that the marriage should be dissolved, but if other claims are left pending, the judgment is not final as to those claims. Such was the case with the instant

judgment. It did not contain a finding as required by Rule 304(a) that no just reason existed for delay of enforcement or appeal. As no other supreme court rule makes this judgment appealable, we conclude that the judgment is not made appealable by rule.

We are unaware of any case where the contention has been raised that an order final as to some but not all claims is "final" within the meaning of article VI, section 6, of the Constitution of 1970, and thus appealable as a matter of right. If this were so, Rule 304(a) would be a nullity because any judgment covered by the rule would be appealable as a matter of constitutional right. When the provisions of section 7 of the Judicial Article of 1962, the forerunner of article VI, section 6, of the present constitution, were adopted, section 50(2) of the then Civil Practice Act represented a public policy with reference to piecemeal appeals which had resulted from several supreme court decisions and considerable study (Ill. Ann. Stat., ch. 110A, par. 304, Historical and Practice Notes, at 587 (Smith-Hurd 1968)). No indication exists that the drafters of that judicial article or the present constitution intended to change that policy. A construction making judgments final as to a particular claim, "final" within the meaning of article VI, section 6, has been impliedly rejected by numerous decisions holding such judgments to be unappealable in the absence of the finding required by Rule 304(a). See, *e.g.*, *White Way Sign & Maintenance Co. v. Seltzer Pontiac, Inc.* (1974), 56 Ill. 2d 342, 307 N.E.2d 386; *Highway Industries, Inc. v. Trailer Leasing Co.* (1977), 48 Ill. App. 3d 235, 363 N.E.2d 60.

Suggestion has been made that the legislature has a power to provide for appellate procedure subordinate to that of the rule-making power of the supreme court. At the time of *Stamos*, where the court stated that the responsibility for rules governing appeal was in the "Supreme Court and not the General Assembly," Supreme Court Rule 1 (36 Ill. 2d R. 1) stated in part:

> "The rules on appeals supersede provisions of the Civil Practice Act and the Injunction Act [citation] inconsistent with the rules, and govern all appeals except to the extent that the appellate procedure in a particular kind of action is regulated by a statute other than the Civil Practice Act or the Injunction Act."

The comparable provision of the present Rule 1 (58 Ill. 2d R. 1) states: "The rules on appeals supersede statutory provisions inconsistent with the rules and govern all appeals." Accordingly, if the legislature did have some power to provide for appellate procedure, any interpretation of section 413(a) that would make the instant judgment which is final as to some but not all claims in the case appealable without the finding required by Rule 304(a) would make section 413(a) inconsistent with that rule and, for that reason, void.

We recognize that despite the lapse of more than a decade since *Stamos* was decided, some vestiges of legislative attempts to provide for appeals from the circuit courts to the appellate court may remain. However, with the aid of its committee on rules, the supreme court has gradually provided for appeals from orders which are not final as to all parties and all claims. Rule 304(b) (58 Ill. 2d R. 304(b)), made effective January 1, 1970, provided for such appeals in many statutory proceedings such as probate, receiverships, and supplementary proceedings.

We do not see how our reiteration here of the principle announced in *Stamos* and *Taylor* should create uncertainty or work hardship. The statutory invalidity which would result here from a different construction of the legislation in issue arises because of an express grant by the Illinois Constitution of 1970 to the supreme court to provide by rule for appeals from orders of the type involved here. That court has by rule conditioned such an appeal upon a finding by the trial court which was not made here. We are not dealing with a situation as in *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 389 N.E.2d 1170, where the conflict was between the inherent procedural rule making power of the judicial branch as vested in the supreme court as against the power of the General Assembly to act on the same subject. (See also *People v. Jackson* (1977), 69 Ill. 2d 252, 371 N.E.2d 602.) However, even if that were the situation, a construction of the statute making this order appealable would be invalid because of the existence of Rule 304(a) and the provision of Rule 1 making the Rules applicable to all appeals.

Although we are giving the first sentence of section 413(a) a construction that will sustain its validity, we wish to make clear that we are not passing upon the validity of the balance of section 413(a). We note, as stated in the Fins article, that in *Stamos* the supreme court held legislation prohibiting the stay of a judgment pending appeal to usurp that court's exclusive power to provide for appellate procedure.

For the reasons stated, we dismiss the appeal.

Appeal dismissed.

MILLS and TRAPP, JJ., concur.