(No. 48793.—

THE CITY OF URBANA, Appellant, v. ROGER L. HOUSER *et al.*, Appellees.

*Opinion filed June 1, 1977.—Rehearing denied Oct. 3, 1977.*

270

Jack Waaler, City Attorney, of Champaign, for appellant.

John H. Finfrock, of Urbana (Finfrock Law Offices, of counsel), for appellee Roger L. Houser.

MR. JUSTICE DOOLEY delivered the opinion of the court:

In 1976 the city of Urbana, a home rule municipality within the meaning of section 6, article VII, of the Constitution of 1970, filed a complaint for a demolition. It alleged a structure within the municipal limits was so dangerous and unsafe that the condition could not be eliminated by repair and that the building official of the city had declared the structure dangerous within the meaning of section 11—31—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—31—1).

A motion to dismiss was made. It urged a want of authority by the city to maintain the action, since the demolition statute was amended in 1971, and contained this final sentence: "This amendatory Act of 1971 does not apply within the jurisdiction of any home rule unit" (Ill. Rev. Stat. 1971, ch. 24, par. 11—31—1). The circuit court dismissed the action on the ground the city lacked authority to conduct demolition proceedings.

According to the circuit court, the statute on which the demolition proceeding was predicated was prohibited to home rule municipalities because of the sentence set forth in the 1971 amendment. To empower itself, an ordinance would be necessary.

From this order of the circuit court, an appeal was taken to the appellate court. It was transferred to this court pursuant to Rule 302(b) (58 Ill. 2d R. 302(b)). Does a home rule unit lack the demolition authority conferred on it by statute prior to the 1970 Constitution because that statute was amended with a sentence that "[t]his amendatory Act of 1971 does not apply within the jurisdiction of any home rule unit"? That is the question before us.

The statute upon which the action was based (Ill. Rev. Stat. 1971, ch. 24, par. 11—31—1) is substantially a restatement of a 1953 statute (Ill. Rev. Stat. 1953, ch. 24, par. 23—70.2). In general it authorizes each municipality to "demolish, repair or cause the demolition or repair of dangerous and unsafe buildings *** within the territory of any such municipality." (Ill. Rev. Stat. 1971, ch. 24, par. 11—31—l.) It provides for an expedited hearing by the circuit court and the creation of a lien for demolition costs. In 1971 this statute was amended to provide that a county board with a statutory health department may demolish any dangerous and unsafe buildings within the territory of any city or village or incorporated town having less than 50,000 population.

It is this sentence of the 1971 amendment which is the basis of this litigation: "This amendatory Act of 1971 does not apply within the jurisdiction of any home rule unit." (Ill. Rev. Stat. 1971, ch. 24, par. 11—31—1.) Prior to the 1970 Constitution, municipalities had demolition powers based on a statute. (See section 11—31—1 of the Illinois Municipal Code, Ill. Rev. Stat. 1965, ch. 24, par. 11—31—1, and *City of Chicago v. Birnbaum* (1971), 49 Ill. 2d 250, 253.) This statute was first enacted in 1953. Under the 1971 amendatory act (Ill. Rev. Stat. 1971, ch. 24, par. 11—31—1), as construed by the circuit court, demolition powers would be accorded non-home-rule units but denied home rule units.

We do not believe this 1971 amendment can be construed as amending the statute so as to deny a home rule unit powers given it by the Constitution of 1970.

Article VII, section 6(a), of the 1970 Constitution provides the extent of the powers conferred on home rule units:

> "*** Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt."

It has been noted that the terms of this grant of powers were purposely left without definition so that they might be broad. *Ampersand, Inc. v. Finley* (1975), 61 Ill. 2d 537, 539; Thorpe, *An Analysis of Anticipated Problems Under the New Home Rule Article of the Illinois Constitution,* 50 Ill. Mun. Rev. 4 (1971); 4 Record of Proceedings, Sixth Illinois Constitutional Convention 3056.

Their character is further spelled out by article VII, section 6(i), of the 1970 Constitution, which provides:

> "Home rule units may exercise and perform concurrently with the State any power or function of a home rule unit to the extent that the General Assembly by law does not specifically limit the concurrent exercise

or specifically declare the State's exercise to be exclusive."

Home rule units thus have the same powers as the sovereign except where such powers are limited by the General Assembly. This, together with other provisions of the Constitution, defines the new relationship which now exists between local and State government. In the past, local governmental units had only those powers which were authorized, either expressly or impliedly, by the grant of authority of the legislature. Now home rule units, under the 1970 Constitution, have an autonomy and independence limited only by restrictions imposed by the Constitution or authorized by it. *Kanellos v. County of Cook* (1972), 53 Ill. 2d 161, 166.

More than that, if that were not enough, article VII, section 6(m), of the Constitution of 1970 states: "Powers and functions of home rule units shall be construed liberally." It requires no strong prisms to see the breadth and depth of the powers of home rule units.

The legislature has employed several versions of the so-called "typical home rule amendment." Consider these samples: "The amendatory Acts *** are not a limit upon any municipality which is a home rule unit" (Ill. Rev. Stat. 1975, ch. 24, pars. 8—4—3, 8—7—2); "This amendatory Act *** does not apply to any [city or village] [municipality] which is a home rule unit" (Ill. Rev. Stat. 1975, ch. 108½, par. 22—306, ch. 24, pars. 3—13—5, 3—13—6, ch. 24, par. 3—4—6.1); "This Act is not a limit upon any home rule unit" (Ill. Rev. Stat. 1975, ch. 85, par. 1781, ch. 111 2/3, par. 705.02); "The provisions of this Section are not a limitation on the powers of a home rule municipality" (Ill. Rev. Stat. 1975, ch. 24, par. 8—1—17).

It can hardly be intended, in view of the constitutional grants and the conduct of the legislature, that it was the legislative intent that this amendatory act, which merely extended the power of demolition to counties in certain

instances, was to be a limitation upon home rule units within those counties. In this respect, it is worthy of note that the legislature did not amend the companion section of the statute under consideration, namely, section 11—31—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 11—31—2), providing authority for municipalities to petition the court for injunction to require the owner of property to conform with the minimum health and safety ordinances applicable to buildings.

As if that were not enough, however, the construction given the statute by the circuit court would create an unreasonable classification. Non-home-rule units would have the power of demolition as municipalities have had since the 1953 statute (Ill. Rev. Stat. 1953, ch. 24, par. 23—70.2), but because the municipality was a home rule unit, it would be deprived of this authority. In view of the provisions of article VII, section 6(a), of the Constitution of 1970, giving broad powers to home rule units, we believe that a home rule unit has standing to challenge a legislative enactment on the ground that it creates an unreasonable classification.

In *City of Carbondale v. Van Natta* (1975), 61 Ill. 2d 483, the city of Carbondale, a home rule unit, undertook to apply its zoning ordinance power beyond the city limits. The authority of the city to do so was challenged. This court held that a city does not have extraterritorial zoning powers because of its home rule powers, but had such authority by statute regardless of the 1971 amendment, which included such language as we have here. There it was stated:

"We have seen that a municipality does not have extraterritorial zoning authority under its home-rule powers. Thus, if the legislative classification confining the applicability of section 11—13—1 to non-home-rule units were to

be judged valid, there would be the incongruous situation of non-home-rule units being able to zone extraterritorially, while home-rule units could not. We can see no reasonable basis for differentiating between non-home-rule units so far as the power to zone extraterritorially is concerned. For a classification to be constitutional there must be a reasonable basis for differentiating between the class to which the law is applicable and the class to which it is not in relation to the statute under which the classification is proposed." 61 Ill. 2d 483, 490.

So here, as in the *City of Carbondale,* the language of the 1971 amendatory act, "This amendatory Act of 1971 does not apply within the jurisdiction of any home rule unit," would establish an unconstitutional classification and is meaningless. There is no reasonable basis for differentiating between the classes of municipalities to which the demolition authority applies. Accordingly, the provision in the amendment to section 11—31—1 (Ill. Rev. Stat. 1971, ch. 24, par. 11—31—1) would create an unconstitutional classification. It is void.

Absent this offensively unconstitutional classification, the remnant of the statute is independent. So long as the unconstitutional portion can be severed, the remainder may stand unless it can be said that the General Assembly would not have passed the statute without the invalid portion. That the statute had been enacted prior to the 1971 amendment dissipates any contention that the legislature would not have passed this statute without the sentence which we now strike. *City of Carbondale v. Van Natta* (1975), 61 Ill. 2d 483, 491.

Accordingly, the judgment of the circuit court is reversed, and the cause is remanded with directions to proceed in a manner not inconsistent with this opinion.

*Reversed and remanded.*