EDRINER LANDRY, Plaintiff-Appellee, *v.* SANDY STEILWELL SMITH, Defendant-Appellant.

First District (3rd Division)   No. 77-799

Opinion filed November 15, 1978.

Henry Rose, of Evanston, for appellant.

No brief filed for appellee.

Jack M. Siegel, of Chicago, for *amicus curiae* City of Evanston.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

The defendant appeals from a judgment entered in favor of the plaintiff for possession of an apartment occupied by the defendant, and for rent arrearages in the amount of $235.

On January 5, 1977, the plaintiff, Edriner Landry, filed a complaint pursuant to the Illinois Forcible Entry and Detainer Act claiming a right to possession of the premises located at 1811 Wesley, first floor, Evanston, Illinois, which were occupied by the defendant, Sandy Steilwell Smith, and her family. A trial was held on February 7, 1977. Landry testified that on December 23, 1976, she delivered a landlord's five-day notice to the defendant and her family informing them that their tenancy would be terminated if the past due rent was not paid within 5 days. The landlord's notice was admitted into evidence. After Landry presented her case, Smith moved for a directed verdict on the grounds that section 23½—4.101(b) of chapter 23½ of the Code of the City of Evanston required a landlord to deliver a 10-day written notice to a tenant before a tenancy could be terminated for nonpayment of rent. The trial judge denied the motion, stating that this provision was unenforceable because it conflicted with chapter 80, section 8, of the Illinois Revised Statutes (1975), which requires a 5-day written notice of termination for non-payment of rent.

Smith presented her case and testified that in November and December 1976, she offered to pay Landry the full rental of $235 per month, but Landry declined to accept rent from her. After considering the evidence, the trial judge entered a judgment for possession and for $235 in favor of Landry. In addition, the writ of restitution was stayed for 13 days, and Landry was awarded judgment for use and occupancy during that period.

On February 18, 1977, Smith filed a motion to vacate the judgment alleging that her motion for a directed verdict was denied improperly. Smith contended that the relevant sections of the Evanston Code were a valid exercise of home rule authority of the City of Evanston and, therefore, were applicable to the tenancy which existed between Smith and Landry. On March 9, 1977, after hearing arguments on the motion, the trial judge denied the motion to vacate on the grounds that section 23½—4.101(b) of the Code of the City of Evanston is unconstitutional in that it is not a proper exercise of the City of Evanston's power to regulate for the protection of the public health, safety, morals and welfare. On

appeal, Smith argues that the trial judge improperly denied her motion to vacate.

The plaintiff, Edriner Landry, has not filed a brief as appellee in this court. However, under the authority of *First Capital Mortgage Corp. v. Talandis Construction Co.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, we shall consider the merits of the appeal.

The first issue we must consider is whether Evanston's ordinance or Illinois' statutory provision prevails. Section 23½—4.101(b) of Evanston's Residential Landlord and Tenant Ordinance, which was adopted in 1975, states:

> "If rent is unpaid when due, and the tenant fails to pay the unpaid rent within ten (10) days after written notice by the landlord of his intention to terminate the rental agreement if the rent is not paid within ten (10) days, the landlord may terminate the rental agreement."

Section 8 of the Illinois Forcible Entry and Detainer Act (Ill. Rev. Stat. 1975, ch. 80, par. 8) which was enacted in 1873 and amended in 1909, provides in part:

> "* * * a landlord or his agent may, any time after rent is due, demand payment thereof and notify the tenant, in writing, that unless payment is made within a time mentioned in such notice, not less than five days after service thereof, the lease will be terminated."

■■ The Illinois Forcible Entry and Detainer Act which was last amended in 1909 does not limit or deny the right of a home rule unit to enact legislation concerning the eviction process. Although Evanston's 10-day notice requirement is in conflict with Illinois' 5-day provision, the supreme court has consistently held that an ordinance enacted by a home rule unit supersedes a conflicting statute enacted prior to the effective date of the Constitution. (*Stryker v. Village of Oak Park* (1976), 62 Ill. 2d 523, 343 N.E.2d 919; *Paglini v. Police Board* (1975), 61 Ill. 2d 233, 335 N.E.2d 480; *Peters v. City of Springfield* (1974), 57 Ill. 2d 142, 311 N.E.2d 107; *People ex rel. Hanrahan v. Beck* (1973), 54 Ill. 2d 561, 301 N.E.2d 281; *Kanellos v. County of Cook* (1972), 53 Ill. 2d 161, 290 N.E.2d 240.) Therefore, Evanston's ordinance is the applicable law. It was error for the trial court to deny the motion for a directed verdict on the grounds that the provision of the Evanston ordinance was unenforceable because it conflicted with the Illinois statute.

The second issue we must resolve is whether the trial court erred in holding that section 23½—4.101(b) of Evanston's Residential Landlord and Tenant Ordinance was not a proper exercise of Evanston's home rule powers. In addition to the defendant, the City of Evanston, as amicus curiae, filed a brief in support of the City's ordinance.

The 1970 Illinois Constitution provides for home rule powers for any municipality which has a population of more than 25,000. The City of Evanston with a population in excess of 25,000 is a home rule unit. Section 6 of article VII of the Constitution of 1970 enumerates the powers of home rule units. Section 6(a) provides:

"Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt."

Sections 6(g) and 6(h) provide the mechanism whereby the General Assembly specifically may deny or limit the exercise of a home rule power by home rule unit. Section 6(i) provides that:

"Home rule units may exercise and perform concurrently with the State any power or function of a home rule unit to the extent that the General Assembly by law does not specifically limit the concurrent exercise or specifically declare the State's exercise to be exclusive."

Section 6(m) instructs the courts that "[p]owers and functions of home rule units shall be construed liberally."

As we have indicated, the Illinois statute which was enacted prior to the 1970 Constitution does not limit a home rule unit's power to enact legislation regulating the process by which a landlord can evict a tenant. Our only concern, therefore, is whether the Evanston ordinance fulfills the requirements of article VII, section 6(a), which permits a home rule unit to enact legislation for the protection of the public health, safety, morals and welfare. Regulations concerning the eviction procedure obviously are intended to protect the public's welfare. Evanston, a city with numerous rental dwellings, has a significant interest in the prevention of the eviction of its residents from their homes. In *Edgar A. Levy Leasing Co. v. Siegel* (1922), 258 U.S. 242, 66 L. Ed. 595, 42 S. Ct. 289, the United States Supreme Court recognized that emergency housing legislation regulating the eviction process was enacted pursuant to the police power to promote the public welfare.

Although we encounter little difficulty in determining that this regulation pertains to the public welfare, section 6(a) also requires that the regulation enacted by a home rule unit must pertain to "its government and affairs." The Constitution does not, however, set forth a list of what powers pertain to a home rule unit's government and affairs. Our supreme court has stated:

" 'It was acknowledged in the constitutional debates that by virtue of the general language of the grant and the qualifying phrase "pertaining to its government and affairs" the right of a home rule

unit to exercise any power will ultimately depend upon an interpretation by this court as to whether or not the power exercised is within the grant of section 6(a).' " (*City of Des Plaines v. Chicago & Northwestern Ry. Co.* (1976), 65 Ill. 2d 1, 4-5, 357 N.E.2d 433, quoting *Ampersand, Inc. v. Finley* (1975), 61 Ill. 2d 537, 338 N.E.2d 15.)

In interpreting whether a certain power is within the grant of section 6(a), the courts have noted the direction contained in article VII, section 6(m) to construe home rule powers liberally. Referring to that provision in *City of Urbana v. Houser* (1977), 67 Ill. 2d 268, 367 N.E.2d 692, the supreme court commented that "[i]t requires no strong prisms to see the breadth and depth of the powers of home rule units."

Although the powers of home rule units are to be construed liberally, our courts will invalidate any ordinance which affects matters outside the home rule unit. In its report to the constitutional convention, the local government committee explained that:

> "It is clear, however, that the powers of home-rule units relate to their own problems, not to those of the state or the nation. Their powers should not extend to such matters as divorce, real property law, trusts, contracts, etc. which are generally recognized as falling within the competence of state rather than local authorities." (7 Record of Proceedings, Sixth Illinois Constitutional Convention 1621.)

It is this guideline which our courts employ in interpreting section 6(a).

In holding ordinances not within the home rule powers, our courts have examined the effect of the ordinance upon persons and governmental bodies outside of the home rule unit. In *City of Des Plaines v. Chicago & N.W. Ry. Co.*, the supreme court determined that Des Plaines' noise control ordinance was not within the home rule power provision because noise control was a matter of State concern. The court pointed out that some noise emissions Des Plaines was attempting to regulate originated outside the municipality. In *Bridgman v. Korzen* (1972), 54 Ill. 2d 74, 295 N.E.2d 9, the supreme court held that Cook County was not empowered to enact an ordinance regulating the collection of property taxes and superseding a State revenue act. The court pointed out that the process of collecting and distributing tax monies did not pertain to the count's government and affairs to any greater extent than to the government and affairs of the other taxing bodies for whose benefit Cook County acted.

■■ Whether a home rule unit is empowered to regulate eviction procedures is a question of first impression in Illinois. Construing the powers of home rule units liberally, we find that section 23½-4.101(b) of Evanston's Residential Landlord and Tenant Ordinance was a proper

exercise of Evanston's home rule power. A city's regulation of the procedures by which a landlord can evict a tenant is certainly a matter of local concern. The ordinance affects only tenants and owners of property in the City of Evanston. Numerous evictions within a municipality would present serious problems for the local government rather than the more distant state government. We therefore find section 23½—1-4.101(b) of the ordinance constitutional.

Pursuant to Evanston's ordinance, Landry was required to deliver Smith a 10-day notice before terminating Smith's tenancy for nonpayment of rent. Because Landry failed to comply with the ordinance, she was not entitled to a judgment in her favor.

In accordance with the views expressed herein, we reverse the judgment entered by the circuit court of Cook County.

Reversed.

McNAMARA and SIMON, JJ., concur.