MELVIN SAWYER, Respondent, v. TOWN OF SOUTHPORT, Respondent, and COUNTY OF CHEMUNG, Appellant.

Third Department, December 2, 1958.

*James E. Personius, County Attorney*, for appellant.

*Ziff & Jerry* (*Harold A. Jerry, Jr.*, of counsel), for Melvin Sawyer, respondent.

*Sayles & Evans* (*Pierre W. Evans* of counsel), for Town of Southport, respondent.

HERLIHY, J. Briefly, the facts are as follows: The plaintiff was ordered by one Robert Loomis, who apparently served in the dual capacity of an officer of the defendant Town of Southport and also as a Deputy Sheriff of defendant County of Chemung, to assist in making an arrest. The complaint alleges

that the plaintiff received injuries in the course of obeying the command of Officer Loomis as a result of which he seeks damages from the defendants, the Town of Southport and the County of Chemung. No question is raised at this point as to the sufficiency of the complaint against the defendant Town of Southport, which apparently was not a party to the motion and which appears in this appeal as a respondent.

Section 1848 of the Penal Law declares it to be a misdemeanor to refuse to aid an officer in making an arrest and continues in part: '' Where such a command is obeyed and the person obeying it is killed or injured * * * and such death, injury or damage arises out of and in the course of aiding an officer in arresting or endeavoring to arrest a person * * * the person or employer so injured * * * shall have a cause of action to recover the amount of such damage or injury against the municipal corporation by which such officer is employed at the time such command is obeyed.''

Defendant County of Chemung moved to dismiss both causes of action upon the ground that section 1848 of the Penal Law is unconstitutional as applied to the county because it is claimed to violate that portion of section 5 of article IX of the New York State Constitution, which reads: '' But the County shall never be made responsible for the acts of the sheriff.''

It would appear to be well settled that if Loomis were acting for the Town of Southport, plaintiff can recover against the town without proof of negligence on the part of the officer since the above-quoted provision of section 1848 of the Penal Law is similar in effect to a workmen's compensation statute in that it provides for liability without fault. (*Riker* v. *City of New York,* 204 Misc. 878, affd. 286 App. Div. 808.)

The instant appeal presents fully and sharply to this court the question of whether section 1848 of the Penal Law is unconstitutional as applied to the county by reason of its apparent conflict with a literal reading of the above-quoted portion of section 5 of article IX of the New York State Constitution. The opinion of the court below states, and appellant apparently concedes, that there are no cases which have squarely decided the problem presented by the first cause of action. This court is asked to adopt a strict construction of that part of the State Constitution and to thus strike down the beneficial portions of section 1848 as applies to a county. It appears that the provision in the State Constitution, which was inserted for the first time in 1821, was adopted by reason of the change which was made in the status of the sheriff from that of an appointive officer to one elected in the various counties by the voters thereof. Apparently in

order to protect the county from the dangers of the sheriff's office becoming too political in character, the section in question was added. The courts have held that the county is not liable for negligence on the part of the sheriff or his deputies in discharging the criminal duties of the sheriff's office. (*Isereau* v. *Stone,* 3 A D 2d 243, 247; *Farley* v. *Stone,* 3 A D 2d 810.)

In the *Farley* case, the Appellate Division, Fourth Department, specifically states that it is not deciding the question as to whether the provision of section 1848 of the Penal Law, if applied as against the county, would violate the constitutional provision herein referred to.

The construction contended for by appellant would result in a chaotic situation. Plaintiff's refusal would have made him guilty of a misdemeanor. If he obeyed the command of the office of sheriff, he has no remedy for his injuries. If he obeyed the command of an employee of another municipal corporation (Town of Southport) he is entitled to recover damages per se. We find that the Legislature intended to include the sheriff as well as other police officers since the county is a municipal corporation and the Legislature had knowledge of this constitutional mandate in 1932 when the liability provision of section 1848 was added (L. 1932, ch. 480). The statute in question is remedial in character and the courts are constrained to uphold it if possible without doing violence to the Constitution. The origin and meaning of the constitutional provision in question are obscure and it further appears that the rights of the county are amply protected.

As the Court of Appeals states in *Oswego & Syracuse R. R. Co.* v. *State of New York* (226 N. Y. 351, 362): " The meaning of this provision of the Constitution is at best ambiguous and doubtful. Much may fairly be said for each of the opposing views. The legislature has construed its own powers. The courts will not reverse that construction, unless error is clear (*People ex rel. Carter* v. *Rice,* 135 N. Y. 473, 484). To nullify the statute ' a case must be presented in which there can be no rational doubt' (*People ex rel. Carter* v. *Rice, supra*). The whole legislative power of the state is vested in the legislature, except as the Constitution has limited it. One who asserts the limitation must prove it. If the arguments balance, power is retained."

A Constitution must of necessity be a flexible document. To extend the portion of section 5 of article IX of the State Constitution referred to herein, to prohibit a beneficial statute which could not have conceivably been in the minds of those who passed the Constitution in question, and to thus prevent the Legislature

from achieving protection for those who suffer damages in the course of performing a public duty, would be adopting a narrow and unwarranted view of the Constitution. Under the circumstances, the action of Special Term in refusing to dismiss the first cause of action in the plaintiff's complaint as against the County of Chemung should be affirmed in all respects.

FOSTER, P. J., BERGAN and GIBSON, JJ., concur; REYNOLDS, J., taking no part.

Order affirmed, with $10 costs to plaintiff-respondent.