(No. 43060.—

ALLEN STUBBLEFIELD *et al.*, Appellants, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed March 16, 1971.—Rehearing denied May 26, 1971.*

268

PHILIP E. HOWARD and JEROME H. TORSHEN, LTD., both of Chicago, (JEROME H. TORSHEN, of counsel,) for appellants.

RICHARD L. CURRY, Corporation Counsel, of Chicago, (MARVIN E. ASPEN and DANIEL PASCALE, Assistants Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff appeals from the judgment of the circuit court of Cook County entered upon allowance of defendant's motion for judgment on the pleadings.

Plaintiff, a minor, was watching defendant, City of Chicago's, fire department fight a fire when a fireman lost control of a fire hose which struck and injured him. The amended complaint alleges numerous acts of negligence by

the firemen. The city pleaded section 5—103 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1969, ch. 85, par. 5—103(b)) as an affirmative defense and plaintiff moved to strike the defense on the ground that the statute is unconstitutional. Section 5—103(b) provides that "* * * neither a local public entity nor a public employee acting in the scope of his employment, is liable for an injury caused by an act or omission of a public employee while engaged in fighting a fire." The circuit court held the statute constitutional and granted the city's motion for judgment on the pleadings. Pursuant to our Rule 302, plaintiff appeals directly to this court.

Plaintiff contends that section 5—103(b) arbitrarily and unreasonably discriminates among persons injured during fire fighting operations, and thus is unconstitutional. He points out that this statute purports to bar recovery against municipalities for personal injuries "caused by an act or omission of a public employee while engaged in fighting a fire", while section 1—4—4 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, par. 1—4—4) permits recovery for injuries caused "by the negligent operation of a motor vehicle by a member of a municipal fire department while the member is engaged in the performance of his duties as a fireman," and section 1 of "An Act in relation to the tort liability of firemen of fire protection districts or corporations" (Ill. Rev. Stat. 1969, ch. 127½, par. 46) permits recovery for injuries caused "by the negligent operation of any motorized fire fighting equipment by a compensated fireman or authorized voluntary fireman * * * while he is engaged in the performance of his duties * * *." He argues there is no rational difference between a person injured by a motor vehicle, one injured during a phase of a firefighting operation not involving a motor vehicle, or one injured by motorized fire fighting equipment. Further, he contends, there is no rational difference between the en-

tities involved, or their functions, which warrants such discrimination. Finally, he argues, there is neither a valid classification in terms of types of municipal functions nor by classification among the different governmental agencies that perform the same functions. In such circumstances, section 5—103(b) fails to satisfy the standards required by section 22 of article IV of the constitution of the State of Illinois.

In *Harvey* v. *Clyde Park District,* 32 Ill.2d 60, this court reviewed legislation enacted subsequent to the decision in *Molitor* v. *Kaneland Community Unit District,* 18 Ill.2d 11. *Harvey* holds that valid classifications for purposes of municipal tort liability may be created but they must relate to the types of municipal functions involved and may not rest upon the differences between the governmental agencies which perform the same function. The rationale of *Harvey* was followed in *Hutchings* v. *Kraject,* 34 Ill.2d 379, and *Lorton* v. *Brown County Community Unit School District,* 35 Ill.2d 362. As stated in *Harvey,* the operation of motor vehicles is common to all governmental units and we hold, therefore, that the statutory classification created by section 1—4—4 of the Illinois Municipal Code and section 5—103(b) of the Local Governmental and Governmental Employees Tort Immunity Act is reasonable and does not violate section 22 of article IV of the constitution.

Plaintiff's contention with respect to section 1 of "An Act in relation to the tort liability of firemen of fire protection districts or corporations" is to the effect that the statute here involved denies recovery for injuries caused by the negligence of a fireman while fighting a fire but section 1 permits such recovery when the injury is caused by the negligent operation of "any motorized fire fighting equipment" which plaintiff interprets to include motorized pumping engines, snorkels, aerial ladders, power saws, *etc.* He argues that under section 5—103(b) a person injured by a municipally owned motorized ladder used to fight a fire

could not recover, but if the ladder were used by a fire district recovery could be effected.

If the construction for which plaintiff contends were accepted, the constitutionality of the statutory pattern created by section 1 of "An Act in relation to the tort liability of firemen of fire protection districts or corporations", section 1—4—4 of the Illinois Municipal Code and section 5—103(b) of the Local Governmental and Governmental Employees Tort Immunity Act would be highly questionable under the rationale of *Harvey*. Furthermore, the classification created within the statute itself might be questionable. It would, for example, be difficult to state a reasonable basis for allowing recovery for an injury negligently caused by a motorized ladder, or power saw, but denying recovery for an injury negligently caused by an ordinary ladder or hand saw.

It is our duty to interpret the statute in such a manner as to promote its essential purpose and to avoid, if possible, a construction which would raise doubts as to its validity. (*Thorpe* v. *Mahin,* 43 Ill.2d 36; *People* v. *Nastasio,* 19 Ill.2d 524.) Therefore we hold that "motorized fire fighting equipment" as used in the fire-protection-district statute (ch. 127½, par. 46) is no broader than "motor vehicle" as used in section 1—4—4 of the Illinois Municipal Code.

There is no question that the activity which is alleged to have caused plaintiff's injury comes within the grant of immunity of section 5—103(b). The trial court was correct in finding the section to be constitutional and entering judgment for defendant on the pleadings. The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*