(No. 44189.—

DAVID MEADOR, Appellee, v. THE CITY OF SALEM, Appellant.

*Opinion filed May 22, 1972.*

ALFRED S. PFAFF, of Salem, and·JOHN E. JACOBSEN of CRAIG & CRAIG, of Mt. Vernon, for appellant.

JAMES B. WHAM of WHAM & WHAM, of Centralia, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, the city of Salem, appeals from the judgment of the circuit court of Marion County entered upon a jury verdict awarding plaintiff, David Meador, damages in the amount of $375,000 for personal injuries suffered on December 23, 1966.

Plaintiff's cause of action is based upon section 1—4—6 of the Illinois Municipal Code (Ill.Rev.Stat. 1965, ch. 24, par. 1—4—6) which in pertinent part provided:

> "If any person in obeying the command of any such policeman to assist in arresting or securing an offender is killed or injured, *** and such death, injury or damage arises out of and in the course of aiding such policeman in arresting, or endeavoring to arrest, a person *** the person *** so injured *** shall have a cause of action to recover the amount of such damage or injury against the municipal corporation by which such policeman is employed at the time such command is obeyed."

In his complaint plaintiff alleged that he was riding in a police car owned by the defendant city and being driven by Robert Robertson, a police officer employed by the defendant city, who at the time was acting within the scope of his employment as a police officer; that Robertson, acting within the scope of his employment, commanded plaintiff to assist in arresting a motorist engaged in violating a traffic statute of the State of Illinois; that while Robertson drove the police automobile in pursuit of the offending motorist, plaintiff, at Robertson's command, operated the police radio in the automobile and communicated with other police officers in order to obtain assistance in apprehending the fleeing motorist; that while

so engaged in pursuing the motorist the police car was driven into a ditch and plaintiff was injured, and that at all times plaintiff was in the exercise of ordinary care for his own safety.

The testimony shows that on the date of the occurrence plaintiff was employed by the Salem Police Department. His duties were varied and included the operation of the police radio in the station house. On one occasion he helped a police officer who was having difficulty with an intoxicated person and also drove the automobile in which the officer delivered the prisoner to the county jail. For several weeks before his injury he had been working a shift which commenced at 4:00 P.M. and ended at midnight. Frequently he was given a ride home in one of the police cars, and on the night in question, when his shift ended, he entered the police car being driven by Robert Robertson. As they were leaving the parking space in front of the police station they observed an automobile traveling at a high rate of speed. Robertson pursued the speeding automobile, turned on the siren and red lights, and told plaintiff to operate the car radio and contact the Salem police headquarters and other police cars, and ask them to assist in apprehending the speeding automobile. Plaintiff complied with Robertson's directions and operated the radio throughout the pursuit. He advised police cars of Salem and Centralia as to the location and direction of the pursuit. While traveling over a graveled road approximately 3 miles southwest of Salem, the police car ran off the road and plaintiff was seriously and permanently injured.

Much of defendant's brief is devoted to the contention, relevant to a number of its assertions of error, that the trial court erred in its construction of section 1—4—6 of the Illinois Municipal Code. The trial court interpreted the section to impose absolute liability for injuries suffered while obeying the command of a police officer and did not require plaintiff to prove either negligence or willful and

wanton conduct. Defendant argues that by reason of section 2—109 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill.Rev.Stat. 1965, ch. 85, par. 2—109) the defendant city cannot be held liable unless Robertson is liable, and that by reason of section 2—202 of the Act Robertson cannot be held liable unless he was guilty of willful and wanton conduct.

Plaintiff, contending that the trial court correctly construed the statute, cites section 31—8 of the Criminal Code of 1961 (Ill.Rev.Stat. 1965, ch. 38, par. 31—8) which provides:

"Whoever upon command refuses or knowingly fails reasonably to aid a person known by him to be a peace officer in:
(a)Apprehending a person whom the officer is authorized to apprehend; or
(b) Preventing the commission by another of any offense, shall be fined not to exceed $100"

and argues that section 1—4—6 of the Illinois Municipal Code reflects the public policy that when a citizen is injured in the course of assisting a peace officer as required by section 31—8 the municipality be held absolutely liable for his injuries.

There are no opinions of this court in which the question here presented was considered. Counsel have, however, cited authorities construing a New York statute enacted in 1932 as section 1848 of the Penal Law of New York which in substance combined the provisions of section 31—8 of the Criminal Code of 1961 and the pertinent paragraph of section 1—4—6 of the Illinois Municipal Code. Section 1848 has since been repealed and section 195.10 of the Penal Law of New York, effective September 1, 1967, is substantially similar to section 31—8 of the Criminal Code of 1961 while section 71—a of the General Municipal Law of New York, also effective September 1, 1967, contains provisions substantially similar to those of the pertinent paragraph of section 1—4—6 of the Municipal Code. In *Schuster v. City of New York, 5*

*N.Y.2d 75, 154 N.E.2d 534,* the New York Court of Appeals, in *dictum,* stated that section 1848 created an absolute liability against municipal corporations for damages for injuries suffered while aiding a policeman, at his direction, in making an arrest. In *Sawyer v. Town of Southport, 6 App.Div.2d 553, 179 N.Y.S.2d 897,* the Appellate Division of the Supreme Court of New York held that section 1848 "provides for liability without fault."

In our opinion the General Assembly, in enacting section 1—4—6 of the Municipal Code, intended, if injuries are suffered under the circumstances which are described in the statute, that absolute liability be imposed. We hold that the circuit court correctly construed the statute.

Defendant contends next that section 1—4—6 of the Illinois Municipal Code is unconstitutional in that it violates section 2 of article II of the constitution of 1870 and section 1 of the fourteenth amendment to the constitution of the United States. Citing *Grasse v. Dealer's Transport Co., 412 Ill. 179,* and *Marallis v. City of Chicago, 349 Ill. 422,* defendant argues that the creation of a cause of action under the circumstances described in the statute results in an unreasonable and arbitrary classification of persons injured and of the public entities against whom a claim may be asserted. Defendant contends further that the statute is vague, uncertain, and indefinite as to its meaning and argues that by interpreting the statute to be one of "automatic" or absolute liability, the defendant municipality is unconstitutionally deprived of due process.

In support of its contention that the classifications created are unreasonable, defendant argues that there are no similar statutes giving a cause of action to persons injured while assisting a fireman, a sheriff, county and city officials, park district guards or school authorities. Further, it argues, the statute is limited to the municipalities

described in section 1—4—6 and there is no similar statutory provision which applies to other municipalities or public entities.

Plaintiff, *inter alia*, argues that the defendant city has no standing to attack the statute as violative of either the fourteenth amendment to the constitution of the United States or section 2 of article II of the constitution of 1870, and upon examination of the authorities we agree. In *Williams v. Mayor and City Council of Baltimore, 289 U.S. 36, 40, 77 L.Ed. 1015, 1020, 53 S.Ct. 431,* the Supreme Court said: "A municipal corporation, created by a state for the better ordering of government, has no privileges or immunities under the Federal Constitution which it may invoke in opposition to the will of its creator." We have held that under the doctrine of legislative supremacy over municipal corporations, a municipal corporation may not assert the protection of the due-process clause against action of the State government. *Supervisors of the County of Boone v. Village of Rainbow Gardens, 14 Ill.2d 504.* We need not, therefore, consider further defendant's contentions that the statute is unconstitutional.

Defendant contends next that the evidence shows that, as a matter of law, plaintiff at the time of his injury was engaged in his duties as an employee of the defendant, that his remedy lay under the Workmen's Compensation Act and that this remedy was exclusive of all other actions. The argument made is relevant to defendant's contentions that the trial court erred in denying its motions for directed verdict, its post-trial motion, and in refusing to give instructions which it tendered.

The defense based upon the contention that plaintiff's action is barred by reason of section 5(a) of the Workmen's Compensation Act (Ill.Rev.Stat. 1965, ch. 48, par. 138.5(a)) is an affirmative defense which defendant was required to plead and prove. *(Victor v. Dehmlow, 405 Ill. 249.)* The testimony shows that there were no formal provisions for plaintiff to be transported to his home. His

duties were performed in the police station and the transportation in the police car was a courtesy extended plaintiff and other employees when police cars were available. The defendant submitted a special interrogatory as to whether plaintiff, at the time and place of the injury, was engaged in the line of his duty as an employee of the defendant, and the jury answered it "No." The question was one of fact which the jury resolved in favor of plaintiff and the record furnishes no basis for our disturbing it.

Defendant contends next that the trial court erred in striking its affirmative defense which alleged that defendant was a local public entity as defined in section 1—206 of the Local Governmental and Governmental Employees Tort Immunity Act, that under section 2—109 of the Act the defendant is not liable unless its employee is liable, and that the employee is not liable unless he was guilty of willful and wanton negligence. It argues that section 1—4—6 of the Municipal Code was enacted in 1945 and the Local Governmental and Governmental Employees Tort Immunity Act in 1965, that the statutes are irreconcilably repugnant, and that the statute later enacted must control. Citing *Grenier & Company v. Stevenson, 42 Ill.2d 289,* defendant argues that the later statute abrogates the earlier since it cannot be supposed that the General Assembly intended to enact and enforce contradictory laws.

Section 10—101 of the Local Governmental and Governmental Employees Tort Immunity Act specifically repeals a number of statutes, but not section 1—4—6 of the Municipal Code. Section 1—4—6 has been amended twice since the enactment of the Local Governmental and Governmental Employees Tort Immunity Act (Laws of 1967, p. 3284; Laws of 1968, p. 26) and in neither instance was the pertinent paragraph of section 1—4—6 repealed or amended. We need not engage in lengthy discussion of the contentions made with respect to the rules of construction of statutes and it suffices to say that

we find no reason to hold that the enactment of the Local Governmental and Governmental Employees Tort Immunity Act abrogated the statute upon which plaintiff's action is based.

Defendant contends next that the circuit court erred in refusing to permit it to offer in evidence plaintiff's application for adjustment of claim filed with the Industrial Commission and interrogate plaintiff regarding it.

The Civil Practice Act (Ill.Rev.Stat., 1965, ch. 110, par. 43(2)) authorizes alternative inconsistent pleadings. Here plaintiff, in pursuing the remedy provided in section 1—4—6 of the Municipal Code and simultaneously filing an application under the Workmen's Compensation Act, was in the position of one who pleads inconsistent theories of recovery. There is no basis upon which to find that in proceeding alternatively plaintiff was not acting in good faith; nothing in the application can be construed to be an admission against interest; and the trial court properly excluded the evidence.

Defendant contends also that the trial court erred in refusing to admit into evidence certain hospital and doctor bills for services rendered plaintiff and the drafts issued by defendant's workmen's compensation insurer in payment. The drafts are payable, not to plaintiff, but directly to the doctors and hospitals and there is no evidence, or offer of proof, that plaintiff knew that they were issued, or when, or that they were paid under defendant's workmen's compensation policy, rather than its general liability policy. Under the circumstances the court did not err in excluding the exhibits.

Defendant contends next that the circuit court erred in permitting plaintiff's witness, over defendant's objection, to testify to future inflationary trends in the economy, and to plaintiff's anticipated earnings. Defendant, relying upon *Raines v. New York Central R.R. Co., 129 Ill.App.2d 294,* argues that the testimony was based on conjecture and speculation and that the circuit court

erred in admitting it. This court reversed the judgment of the appellate court in *Raines* (51 Ill.2d 428) and in so doing said that because there was other proper evidence to support the verdict it was unnecessary to consider defendant's contention that the allegedly excessive verdict was the result of the admission of evidence with respect to future inflation.

Here defendant makes no claim that the verdict is excessive. The evidence shows that at the time of his injury plaintiff was 18 years of age, that in addition to his employment with defendant he was attending Kaskaskia Junior College, was a good athlete, and in excellent health. He suffered multiple facial fractures and the permanent loss of the sight of both eyes. He underwent a number of surgical procedures and suffered a great deal of pain. The verdict is amply supported by the evidence and what we said in *Raines* is applicable here.

Defendant contends next that the court erred in giving three instructions tendered by plaintiff. What we have said earlier in this opinion with respect to the construction of section 1—4—6 of the Municipal Code is dispositive of the contentions made regarding two of the instructions, and, in view of the fact that the verdict is not excessive, any error in the giving of the third instruction was harmless.

Finally, it is contended that the trial court erred in refusing to give four instructions tendered by defendant. The first instruction attempted to instruct on the questions of whether plaintiff's injury arose out of and in the course of his employment. The tendered instruction is not found in I.P.I. (Illinois Pattern Instructions) and is best described as falling far short of the directive contained in Rule 239 that an instruction "should be simple, brief, impartial and free from argument." The court did not err in refusing to give it.

The second refused instruction purported to instruct the jury in the language of section 5a of the Workmen's Compensation Act and in the second paragraph sought to

instruct with respect to defendant's affirmative defense that the action was barred by section 5a of the Workmen's Compensation Act. The record shows that in other instructions the jury was instructed with respect to the provisions of section 5a, defendant's affirmative defense and the burden of proof on the question. Further, as previously stated, the specific question was the subject of a special interrogatory submitted by the defendant and the refusal of the tendered instruction was not error.

Defendant tendered instructions on the issue of plaintiff's due care in the form of I.P.I. Nos. 10.03 and 11.01. Plaintiff objected and moved to strike the allegation of plaintiff's exercise of due care from the complaint. The court allowed plaintiff's motion and refused the instructions. Plaintiff's action is based and defendant's liability rests on an absolute liability construction of section 1—4—6. In *Williams v. Brown Mfg. Co., 45 Ill.2d 418,* we said at page 426: "We are persuaded that the policy considerations which led us to adopt strict tort liability in *Suvada* compel the elimination of 'contributory negligence' as a bar to recovery. We also note that all other jurisdictions which have adopted the theory of strict liability have reached substantially the same conclusions, for, even though some of the opinions speak in terms of 'contributory negligence ' *** the actual conduct there held to bar recovery would by us be classified as misuse or assumption of risk. We accordingly hold that contributory negligence, as it is known in this State, is not a bar to recovery in a strict product liability tort action in Illinois, and the plaintiff need not plead and prove his exercise of due care."

We find the absolute liability imposed here to be somewhat analogous to the strict liability concept of *Williams,* and in view of the public policy which commanded the enactment of section 1—4—6 of the Illinois Municipal Code it would be incongruous, indeed, to require one so injured to prove himself free of contribu-

tory negligence to effect recovery. The trial court did not err in granting plaintiff's motion to strike the allegations and in refusing to give defendant's tendered instructions.

For the reasons stated the judgment of the circuit court of Marion County is affirmed.

*Judgment affirmed.*