(No. 52348.—

*In re* MARRIAGE OF LINDA S. LENTZ, Appellee, and LARRY DEAN LENTZ, Appellant.

*Opinion filed April 18, 1980.*

WARD, J., specially concurring.

Robert Weiner and Terry L. Fields, of Springfield, for appellant.

Robert I. Auler, of Urbana (Daniel King, law student, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This appeal involves the construction of certain provisions of the recently enacted Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*). It concerns the appealability of a judg-

ment entered pursuant to sections 401 and 402 (Ill. Rev. Stat. 1977, ch. 40, pars. 401, 402). The resolution of this issue requires the examination and construction of certain language contained in section 413(a) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 413(a)).

Linda S. Lentz filed a petition for dissolution of marriage in the Champaign County circuit court. Larry Dean Lentz, her husband, filed a counterpetition for legal .separation and an answer to the petition for dissolution. The hearing on the grounds for dissolution was conducted in accordance with section 403(e) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 403(e)), which provides for a determination of the dissolution or separation issue separately from other issues. The trial court entered a judgment order wherein respondent's counterpetition for legal separation was denied and the petition for the dissolution of marriage was granted. The judgment order reserved the questions of maintenance and property division for future court action. The order did not contain language to the effect that there was no just reason for delaying enforcement or appeal. (See 73 Ill. 2d R. 304(a).) Subsequent to the trial court's denial of respondent's motion for reconsideration, the respondent appealed from the judgment.

On appeal, the appellate court, *sua sponte,* questioned its jurisdiction to entertain the appeal. (73 Ill. App. 3d 93.) The court noted that multiple claims for relief were presented and that an appeal from a final judgment entered on less than all of the claims was permissible only under our Rule 304(a) (73 Ill. 2d R. 304(a)). The court found the judgment of dissolution to be final as to the marital status and nonfinal as to the claims left pending. Since the final judgment, which was entered on less than all of the claims, did not include language to the effect that there was no just reason to delay enforcement or appeal, as required by our Rule 304(a), the appellate court concluded that it lacked jurisdiction and dis-

missed the appeal.

In the case of *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, this court upheld the validity of section 403(e) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 403(e)), which provides that a bifurcated procedure is to be followed in the event of a contested trial. We must now determine whether an appeal may be taken from a judgment of dissolution, entered subsequent to the hearing on the grounds for dissolution, which reserves further matters for judicial consideration. We must necessarily construe the meaning and effect of section 413(a) of the Act, which provides in part:

"A judgment of dissolution of marriage or of legal separation or of declaration of invalidity of marriage is final when entered, subject to the right of appeal." Ill. Rev. Stat. 1977, ch. 40, par. 413(a).

The language of section 413(a), on its face, appears to make the judgments enumerated therein appealable. However, article VI, section 16, of our constitution provides, in part:

"The Supreme Court shall provide by rule for expeditious and inexpensive appeals."

This court has held that this language (which was then contained in article VI, section 7, of the Constitution of 1870) places the responsibility for rules governing appeals in the supreme court and not in the General Assembly. (*People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 66; see also *People v. Taylor* (1971), 50 Ill. 2d 136, 140.) For historical analysis of the rule-making power of the court, see *People v. Jackson* (1977), 69 Ill. 2d 252.

Our Rule 1 provides in part:

"The rules on appeals supersede statutory provisions inconsistent with the rules and govern all appeals." (73 Ill. 2d R. 1.)

Rule 301 provides in part:

"Every final judgment of a circuit court in a civil case is appealable as of right." (73 Ill. 2d R. 301.)

Rule 303 (73 Ill. 2d R. 303) provides for the procedure for appealing from final judgments, and Rule 304(a) provides:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." (73 Ill. 2d R. 304(a).)

Any legislative enactment in conflict with the rules of this court governing appeals would therefore be invalid. See *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53; *People v. Jackson* (1977), 69 Ill. 2d 252; *People v. Kennedy* (1969), 43 Ill. 2d 200; Fins, *Impropriety of Illinois Legislature's Infringement Upon the Constitutional Rule-Making Authority of the Supreme Court,* 66 Ill. B.J. 384 (1978); Comment, *People ex rel. Stamos v. Jones: A Restraint on Legislative Revision of the Illinois Supreme Court Rules,* 6 J. Mar. J. Prac. & Proc. 382 (1973).

If section 413(a) of the Act were to be construed as an attempt by the legislature to make a judgment of dissolution of marriage final and appealable when entered, its validity would be in question. Not only would such legislation constitute an attempt to legislate in regard to the taking of appeals, an area in which the Constitution has conferred authority on this court, but also such legislation could be in direct conflict with the provisions of our Rule 304(a) governing appeals from final judgments as to fewer than all of the parties or claims. In *Stubblefield v. City of Chicago* (1971), 48 Ill. 2d 267, this court stated that it is our duty to interpret a statute in such a manner as to promote its essential purpose and to avoid, if possible, a construction which would raise doubt as to its validity. 48 Ill. 2d 267, 271.

An examination of the 1970 Uniform Marriage and

Divorce Act reveals that our section 413(a) is substantially identical to section 314(a) of the uniform act, which provides in part:

"A decree of dissolution of marriage or of legal separation is final when entered, subject to the right of appeal." (1970 Uniform Marriage and Divorce Act sec. 314(a).)

The commissioner's note to section 314(a) of the uniform act sheds light on the meaning and the effect of this language:

"Subsection (a) abolishes interlocutory periods in those states which have them. The decree of dissolution or separation will be effective when entered, subject to the right of appeal."

Thus, it was not the purpose of the language of section 314(a) of the uniform act to make the judgments concerning marital status final and immediately appealable. Rather, the purpose of such language is to ensure that the parties not be subject to an interlocutory period between the determination of the grounds for divorce and the effective date of the decree. Inasmuch as section 413(a) of our act substantially adopts section 314(a) of the uniform act, the commissioner's note supports an interpretation that the Illinois legislature, by enacting section 413(a), was not attempting to define the appealability of the order. Consistent with this interpretation, the language, "subject to the right of appeal," should be construed to mean that an appeal may be taken from such a judgment if the order is indeed appealable as a matter of right or by virtue of a supreme court rule. Such a construction would be consistent with the constitutional provisions placing in this court the authority to adopt rules governing appeals.

We need not decide whether a judgment of dissolution is a final judgment or is in fact an interlocutory judgment. That question has not been briefed and argued in this court. If such a judgment is not a final judgment, any

attempt by the legislature to make it appealable would be a clear violation of article VI, section 6, of our constitution, which provides that the supreme court may provide by rule for appeals to the appellate court from other than final judgments of the circuit court. This court has provided for interlocutory appeals in our Rules 307 and 308. (73 Ill. 2d Rules 307, 308.) If the judgment is a final judgment, there is a constitutional right to an appeal to the appellate court under article VI, section 6, which provides in part:

> "Appeals from final judgments of a Circuit Court are a matter of right to the Appellate Court ***."

This constitutional provision, however, does not confer a right to an immediate appeal from final judgments. Such an appeal must be governed by the procedural rules of this court pertaining to appeals. Former section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1957, ch. 110, par. 50(2)) contained the provisions now found in our Rule 304(a) concerning appeals from final judgments that do not dispose of the entire proceeding. In *Ariola v. Nigro* (1958), 13 Ill. 2d 200, 207, this court stated:

> "[T]he section is not one which either curtails or grants appellate jurisdiction, but is one which fixes the procedure in the trial court as to the conditions affecting the terms upon which an appeal may be taken in advance of a determination of the entire case."

The provisions of our rule were aimed at discouraging piecemeal appeals in the absence of some compelling reason and at removing the uncertainty as to the appealability of a judgment which was entered on less than all of the matters in controversy. See *Getzelman v. Koehler* (1958), 14 Ill. 2d 396, 400; *Davis v. Childers* (1965), 33 Ill. 2d 297, 300.

The judgment of dissolution of marriage in our case reserved the other issues in controversy and therefore

clearly disposed of fewer than all of the claims. If this is not a final judgment as indicated above, it is not appealable. If it is a final judgment and disposes of fewer than all of the claims, then it is appealable only in the manner provided by our Rule 304(a), which provides that an appeal cannot be taken from a final judgment which adjudicates fewer than all the matters in controversy, in the absence of an express finding by the trial judge that there is no just reason for delaying enforcement or appeal. (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 432-33; *White Way & Maintenance Sign Co. v. Seltzer Pontiac, Inc.* (1974), 56 Ill. 2d 342, 345; *Smith v. Hodge* (1958), 13 Ill. 2d 197, 199; *Ariola v. Nigro* (1958), 13 Ill. 2d 200, 203; *Hanley v. Hanley* (1958), 13 Ill. 2d 209, 210.) In the judgment of dissolution, the trial court reserved pending claims for future court action. The trial judge did not make an express finding that there was no just reason for delaying enforcement or appeal. We conclude that this was not a judgment from which an immediate appeal could be taken.

Thus, whether the judgment was interlocutory or final, it was not appealable. As noted above, we do not determine whether the instant judgment order was final. We wish to note, however, that in the event that this judgment was not final, a finding by the trial court that there was no just reason to delay enforcement or appeal would not be sufficient to confer appellate jurisdiction. *Martino v. Barra* (1967), 37 Ill. 2d 588, 594-95; *Davis v. Childers* (1965), 33 Ill. 2d 297, 300-01; *Mayrath Co. v. Industrial Com.* (1965), 33 Ill. 2d 224, 225; *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 25.

In summation, we find that section 413(a) of the Illinois Marriage and Dissolution of Marriage Act is not an impermissible legislative attempt to usurp the constitutional power of this court to regulate appellate jurisdiction. We do not rule upon the nature of a judgment

entered pursuant to sections 401 and 402 of the Act. We do hold, however, that the instant judgment of dissolution, reserving pending claims and lacking an express finding that there existed no just reason to delay enforcement or appeal, was not an order from which an appeal could be taken. Our limited holding, therefore, does not embrace that language of the appellate court regarding the finality of such a judgment. However, we do conclude that the appellate court was correct in its dismissal of the cause for lack of jurisdiction. Accordingly, the judgment of the appellate court is affirmed. The cause is remanded to the Champaign County circuit court for further proceedings.

*Affirmed and remanded.*

MR. JUSTICE WARD, specially concurring:

In this case the trial court granted the petition for dissolution of marriage but reserved for future action ancillary questions of maintenance and property division. Under the decisions in *Ariola v. Nigro* (1958), 13 Ill. 2d 200, and *Davis v. Childers* (1965), 33 Ill. 2d 297, these deferred issues did not constitute separate "claims" within the meaning of Rule 304(a) (73 Ill. 2d R. 304(a)). The action involved but one claim, namely, the petition for a dissolution of marriage, and Rule 304(a) is thus not applicable. The cases just cited also hold that a judgment not disposing of an entire claim is not final but merely interlocutory. Thus in *Davis* a judgment in favor of a single plaintiff on the issue of liability but deferring the issue of damages for later determination was held not to be a final judgment. See 33 Ill. 2d at 299; Ill. Ann. Stat., ch. 110A, par. 304, Historical and Practice Notes to Rule 304, at 587-88 (Smith-Hurd 1968).

Since the present appeal does not qualify under any of our rules providing for interlocutory appeals, I agree that the judgment of the appellate court must be affirmed.