ROBERT W. JAHN, Plaintiff-Appellee, v. TROY FIRE PROTECTION DIS-
TRICT *et al.*, Defendants-Appellants.

Third District   No. 3—93—0119

Opinion filed January 26, 1994.

Modesto, Reynolds & McDermott, of Wheaton (Miles P. Cahill, of counsel), for appellants.

Moss & Bloomberg, Ltd., of Bolingbrook (Daniel C. Shapiro, of counsel,) for appellee.

JUSTICE STOUDER delivered the opinion of the court:

This case comes before the court as a permissive interlocutory appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308) and concerns whether section 1 of the Fire Fighter Liability Act (740 ILCS 75/1 (West 1992)) constitutes an invalid classification between different governmental agencies that perform the same function.

The plaintiff, Robert Jahn, filed a three-count amended complaint against the defendants, Troy fire protection district and Robert Meyers, seeking recovery for injuries he suffered on August 25, 1988. The complaint alleged that on that date, the plaintiff was employed by the Illinois Department of Transportation and was working on a road repair project in Will County, Illinois. Robert Meyers, a fireman in the employ of the Troy fire protection district, travelled through the construction site in a fire truck. The fire truck struck a construction marker cone which, in turn, struck the plaintiff. Count I alleged that defendant Robert Meyers' actions were negligent, but prayed for no relief. Count II alleged that the same actions amounted to wilful and wanton misconduct and asked for a joint and several judgment against the defendants in an amount to exceed $15,000. Count III also sounded in negligence and alleged that, pursuant to section 1 of the Fire Fighter Liability Act, defendant Troy fire protection district was liable for the plaintiff's injuries.

The defendants filed a motion to dismiss counts I and III of the plaintiff's amended complaint. The motion to dismiss count I was based on section 5—106 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/5—106 (West 1992)). That section provides immunity for public entities and public employees for injuries arising out of the negligent operation of motor vehicles or fire fighting or rescue equipment when responding to emergency calls. The motion to dismiss count III alleged that section 1 of the Fire Fighter Liability Act constitutes an invalid classification between different governmental agencies that perform

the same function. Section 1 imposes liability upon fire protection districts and incorporated fire protection organizations for injuries resulting from the negligent operation of motorized fire fighting equipment by compensated or volunteer fire fighters. A similar provision imposing liability upon municipal fire departments (Ill. Rev. Stat. 1985, ch. 24, par. 1—4—4) was repealed on November 25, 1986. The defendants' motion alleged that an invalid classification has existed since the repeal of the provision relating to municipal fire departments. The court granted the motion to dismiss count I, but denied the motion to dismiss count III. Pursuant to a motion by defendants, the court certified the question for immediate appellate review of whether section 1 constitutes an invalid classification between different governmental agencies that perform the same function. This court granted the defendants' petition for leave to appeal pursuant to Rule 308.

■ Before reaching the issue raised in the certified question, we must resolve the issue of the defendants' standing to bring this appeal. The plaintiff argues that the defendants lack standing to challenge the alleged classification. The plaintiff interprets the defendants' argument as raising due process and equal protection challenges to the statute in question, and argues that due process and equal protection guarantees do not extend to units of local government. The defendants did not bother to file a reply brief to respond to the issue of standing. However, it appears that in the court below, in a reply to the plaintiff's objection to the certification of question, the defendants argued that because the plaintiff also named an individual fireman, Robert Meyers, standing was established. However, the fact that an individual fireman was also made a defendant is not dispositive of the issue. This is so because Robert Meyers lacks standing to challenge the alleged classification. In order for a party to attack a statute as unconstitutional, that party must be within the class aggrieved by its alleged unconstitutionality. (*People v. Blackorby* (1992), 146 Ill. 2d 307, 586 N.E.2d 1231.) Under either section 5—106 of the Tort Immunity Act or section 1 of the Fire Fighter Liability Act, individual firemen can be held liable only for wilful and wanton misconduct. The discrepancy between the two statutes relates only to the different standards of liability for municipal fire departments and fire protection districts. Therefore, if standing does exist, it exists only in favor of defendant Troy fire protection district.

■ The question of whether a local government entity has standing to attack the constitutionality of a legislative classification is a difficult one. The authority from both the supreme and appellate courts

is conflicting. In *Meador v. City of Salem* (1972), 51 Ill. 2d 572, 284 N.E.2d 266, the defendant city argued that section 1—4—6 of the Illinois Municipal Code (Ill. Rev. Stat. 1965, ch. 24, par. 1—4—6) created an arbitrary and unreasonable classification of persons injured and of the public entities against whom a claim may be asserted. The court declined to address the issue because the court found that under the doctrine of legislative supremacy over municipal corporations, a municipal corporation could not assert the protection of the due process clause against action of the State government. The court cited the United States Supreme Court's decision in *Williams v. Mayor & City Council* (1933), 289 U.S. 36, 77 L. Ed. 1015, 53 S. Ct. 431, for the proposition that, " 'A municipal corporation, created by a state for the better ordering of government, has no privileges or immunities under the Federal Constitution which it may invoke in opposition to the will of its creator.' " (*Meador*, 51 Ill. 2d at 578, 284 N.E.2d at 270, quoting *Williams*, 289 U.S. at 40, 77 L. Ed. at 1020, 53 S. Ct. at 432.) Several decisions of the appellate court have followed this reasoning and have reached the same outcome on this issue. See *City of Evanston v. Regional Transportation Authority* (1990), 202 Ill. App. 3d 265, 559 N.E.2d 899; *Franciscan Hospital v. Town of Canoe Creek* (1979), 79 Ill. App. 3d 490, 398 N.E.2d 413; *People v. Valentine* (1977), 50 Ill. App. 3d 447, 365 N.E.2d 1082.

However, other decisions of the supreme and appellate courts have allowed challenges to State statutes under the Illinois Constitution by municipalities or units of local government when the unit of local government was arguing that a statute created an unconstitutional classification and when the unit of local government was a member of the class being discriminated against. In *Cronin v. Lindberg* (1976), 66 Ill. 2d 47, 360 N.E.2d 360, the Chicago Board of Education brought a constitutional challenge against a statutory reduction of school aid. In response to a challenge to the plaintiff's standing, the supreme court stated the following:

> "Boards of education and school districts are governmental agencies created by the legislature and subject to its will. [Citations.] Due process guarantees, in the ordinary sense, do not extend to them. [Citations.] A school board may, however, assert a denial of equal protection of the laws if it is a member of a class being discriminated against [citations], and the allegation that the effect of the reduction in State aid here was to discriminate 'against relatively poorer school districts such as Chicago' merits consideration." (*Cronin*, 66 Ill. 2d at 55-56, 360 N.E.2d at 363-64.)

Other decisions have implicitly allowed similar classification challenges by units of local government. (See, *e.g., County of Bureau v. Thompson* (1990), 139 Ill. 2d 323, 564 N.E.2d 1170 (court, without discussing issue of standing, entertains a constitutional challenge to section 4 of the Illinois and Mississippi Canal State Park Act (Ill. Rev. Stat. 1987, ch. 105, par. 482d) by several counties and townships); *Village of Oak Lawn v. Rosewell* (1986), 113 Ill. 2d 104, 497 N.E.2d 734 (plaintiff village brings constitutional challenge to section 224 of the Revenue Act of 1939 (Ill. Rev. Stat., 1984 Supp., ch. 120, par. 705); court notes that parties did not argue issues of standing or of application of equal protection principles to units of local government, then addresses the merits of the claim because it finds a rational basis exists); *In re East Lake Fork Special Drainage District* (1985), 137 Ill. App. 3d 473, 484 N.E.2d 507 (without discussing issue of standing, court allows drainage districts to challenge constitutionality of statutory exemptions to annual maintenance assessments); *Board of Commissioners of the Wood Dale Public Library District v. County of Du Page* (1982), 107 Ill. App. 3d 409, 437 N.E.2d 923 (municipal public library district brought action claiming county had retained interest earned on collected tax money in violation of statutory and constitutional law; court finds plaintiffs have standing based on *Cronin*; and supreme court affirms and remands without discussing standing, *Board of Commissioners of the Wood Dale Public Library District v. County of Du Page* (1983), 96 Ill. 2d 378, 450 N.E.2d 332); *Proviso Township High School District No. 209 v. Hynes* (1980), 84 Ill. 2d 229, 232, 417 N.E.2d 1290, 1291 (township school district brings constitutional challenge to portion of revenue act, "While there may be a question as to the plaintiff's standing to maintain this action, the defendants have not raised it, and we elect to consider the case on its merits"); *City of Urbana v. Houser* (1977), 67 Ill. 2d 268, 367 N.E.2d 692 (court, without discussing standing, allows a challenge by City of Urbana to portion of statute that gave only non-home-rule units the power to demolish unsafe buildings); *City of Carbondale v. Van Natta* (1975), 61 Ill. 2d 483, 338 N.E.2d 19 (without discussing standing, court allows classification challenge by City of Carbondale to part of Illinois Municipal Code).) It appears, then, that a unit of local government does have standing to assert that a legislative classification is invalid under the Illinois Constitution, as long as the unit of local government is a member of the class being discriminated against. Here, the defendant Troy fire protection district argues that section 1 discriminates against fire protection districts by making them liable for the ordinary negligence of fire fighters operating motorized fire fighting equipment. The case

law is certainly conflicting, but we conclude that, based on the authority cited above, the defendant Troy fire protection district has standing to bring this appeal.

We next consider the merits of the defendants' argument that section 1 constitutes an invalid classification. Legislation is presumed to be valid, and the party challenging the constitutionality of a statute bears the burden of establishing its invalidity. (*DeLuna v. St. Elizabeth's Hospital* (1992), 147 Ill. 2d 57, 588 N.E.2d 1139.) To be valid, a statutory classification must be based on a real and substantial difference having a rational relation to the subject of the particular legislation. (*Schiller Park Colonial Inn, Inc. v. Berz* (1976), 63 Ill. 2d 499, 349 N.E.2d 61.) Valid classifications for municipal tort liability may be created, but they must relate to the types of municipal functions involved and may not rest upon the differences between the governmental agencies that perform the same function. (*Stubblefield v. City of Chicago* (1971), 48 Ill. 2d 267, 269 N.E.2d 504; *Harvey v. Clyde Park District* (1964), 32 Ill. 2d 60, 203 N.E.2d 573.) Because the legislation being challenged neither implicates a fundamental right nor implicates a suspect or quasi-suspect class, the appropriate level of scrutiny is whether the statutory classification is rationally related to a legitimate State interest. (*Bernier v. Burris* (1986), 113 Ill. 2d 219, 497 N.E.2d 763.) This is true whether the legislation is being challenged under the equal protection guarantee of the Illinois Constitution (Ill. Const. 1970, art. I, §2) or the proscription against special legislation (Ill. Const. 1970, art. IV, §13). *Bilyk v. Chicago Transit Authority* (1988), 125 Ill. 2d 230, 531 N.E.2d 1.

Section 1 provides as follows:

> "In case any injury to the person or property of another is caused by the negligent operation of any motorized fire fighting equipment by a compensated fire fighter or authorized volunteer fire fighter of a fire protection district or incorporated fire protection organization while he or she is engaged in the performance of his or her duties as fire fighter, and without contributory negligence of the injured person, of the owner of the injured property or of the agent or servant of the injured person or owner, the fire protection district or incorporated fire protection organization in whose behalf the fire fighter is performing his or her duties shall be liable for that injury. While engaged in preventing or extinguishing fires, any fire fighter or authorized volunteer fire fighter of a fire protection district or incorporated fire protection organization may enter upon the lands of any person, firm, private or municipal corporation or

the State of Illinois to carry out his or her duties and while so acting shall not be criminally or civilly liable for entering upon such lands. In no case shall such a fire fighter be liable in damages for any injury to the person or property of another caused by him or her while engaged in the performance of his duties as a fire fighter, unless such injury results from his or her wilful and wanton misconduct." 740 ILCS 75/1 (West 1992).

Until November 25, 1986, section 1—4—4 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 1—4—4) imposed a similar liability on municipal fire departments:

"In case any injury to the person or property of another is caused by the negligent operation of a motor vehicle by a member of a municipal fire department while the member is engaged in the performance of his or her duties as fireman, and without the contributory negligence of the injured person or the owner of the injured property or the agent or servant of the injured person or owner, the municipality in whose behalf the member of the municipal fire department is performing his or her duties as fireman shall be liable for that injury. But in no case shall a member of a municipal fire department be liable in damages for any injury to the person or property of another caused by him or her while operating a motor vehicle while engaged in the performance of his or her duties as a fireman, unless such injury results from his or her wilful and wanton misconduct. As used in this section the term 'member of the municipal fire department' includes an authorized volunteer fireman."

On the same day that the repeal of section 1—4—4 became effective, section 5—106 of the Tort Immunity Act went into effect. That section provides that, "Except for willful or wanton conduct, neither a local public entity, nor a public employee acting within the scope of his employment, is liable for an injury caused by the negligent operation of a motor vehicle or fire fighting or rescue equipment, when responding to an emergency call, including transportation of a person to a medical facility." (745 ILCS 10/5—106 (West 1992).) This section applies to both municipal fire departments and fire protection districts. See section 1—206 of the Tort Immunity Act (745 ILCS 10/1—206 (West 1992)) (" 'Local public entity' includes a *** municipality, municipal corporation, *** [and a] fire protection district ***").

The classification problem is essentially this: municipalities are liable only for injuries caused by the willful and wanton conduct of their fire fighters in operating motor vehicles, while the standard is lower

for fire protection districts. Fire protection districts can be held liable for injuries caused by the negligent operation of motor vehicles by their fire fighters. (The term "motorized fire fighting equipment" in section 1 has been held by the supreme court to be no broader than the term "motor vehicles" in the now repealed section 1—4—4 of the Illinois Municipal Code. (See *Stubblefield*, 48 Ill. 2d 267, 269 N.E.2d 504).) The situation presented in this appeal is unique. Usually, a classification argument is based on the fact that the enactment of a statute creates an invalid classification. However, in this case, the defendants argue that the *repeal* of one statute creates an invalid classification in another. The issue is even more difficult than that: the problem lies not only in the repeal of one statute (section 1—4—4 of the Illinois Municipal Code), but also in the simultaneous enactment of another (section 5—106 of the Tort Immunity Act).

■ Clearly, as the situation now stands, there is an invalid classification. The classification is of the kind expressly prohibited by supreme court authority. Municipal fire departments and fire protection districts perform the same functions, and therefore they should be treated the same in their potential exposure to tort liability. The current statutory scheme, then, can only be upheld if there is a rational basis for treating municipal fire departments and fire protection districts differently. The plaintiff, although he devotes a section of his brief to arguing that there is a rational basis, never states what that rational basis is. Nor have we been able to determine a rational basis for the differing standards of liability. We therefore conclude that the legislature has created an invalid classification between different government agencies that perform the same function.

Nevertheless, reaching the conclusion that there is an invalid classification does not answer the problem of what this court should do about it. The defendants argue that the classification is in the Fire Fighter Liability Act and therefore that statute should be held invalid. However, an equally persuasive argument could be made that the invalid classification is actually in section 5—106 of the Tort Immunity Act. On its face, this section does not classify and applies to both municipalities and fire protection districts. However, when considered in conjunction with the Fire Fighter Liability Act, it is actually providing municipal fire departments with greater protection. If we were to conclude that the classification problem was in section 5—106 of the Tort Immunity Act, then that would not help these defendants because we would not choose to read the greater protection of that act into the Fire Fighter Liability Act. The proper party to bring that

challenge would be a person injured by a municipal fireman operating a motor vehicle.

■ Rather than saying that the invalid classification is in either of the statutes, we are going to reach a different outcome. We initially note that the legislature probably intended to repeal the Fire Fighter Liability Act at the time it enacted section 5—106 of the Tort Immunity Act. The legislature enacted a provision applying to all firemen operating motor vehicles and at the same time repealed the specific provision relating to the operation of motor vehicles by municipal firemen. It does not make sense that at the same time the legislature would not repeal the specific provision relating to the operation of motor vehicles by fire protection district firemen. This was probably an oversight that occurred because the Fire Fighter Liability Act was in a different chapter of the statutes. Because we believe that was probably what occurred, we have decided to apply the doctrine of repeal by implication.

It is presumed that the legislature will not enact a law which completely contradicts a prior statute without an express repeal of it and that statutes which relate to the same subject are to be governed by one spirit and a single policy. (*State v. Mikusch* (1990), 138 Ill. 2d 242, 562 N.E.2d 168.) For the later enactment to operate as a repeal by implication of the earlier one, therefore, there must be such manifest and total repugnance that the two cannot stand together. A construction, if possible, of the two statutes which allows both to stand will be favored. (*People v. One Residence Located at 1403 East Parham Street* (1993), 251 Ill. App. 3d 198, 621 N.E.2d 1026.) Once a court reaches the conclusion that the statutory provisions are irreconcilable, it then must determine which should prevail. The supreme court stated in *Mikusch* that, when two statutes appear to be in conflict, the one that was enacted later should prevail as a later legislative expression of intent. Here, the two statutory provisions are irreconcilable. Under section 5—106, fire protection districts would be liable for injuries arising out of the operation of motor vehicles by their fire fighters only when the fire fighters engaged in willful and wanton misconduct. Under section 1 of the Fire Fighter Liability Act, fire protection districts are liable for injuries resulting from the negligent operation of motor vehicles by their fire fighters. The Tort Immunity Act contains the later expression of legislative intent, and, therefore, it prevails. The Fire Fighter Liability Act has been repealed by implication.

Because we believe that count III of the plaintiff's amended complaint is based on a statute that has been repealed, that count should

be dismissed. The judgment of the circuit court of Will County denying the defendants' motion to dismiss count III is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

LYTTON and BRESLIN, JJ., concur.