(No. 76906.—

ROBERT JAHN, Appellant, v. THE TROY FIRE PROTECTION DISTRICT *et al.*, Appellees.

*Opinion filed November 23, 1994.*

Daniel C. Shapiro, of Moss & Bloomberg, Ltd., of Bolingbrook, for appellant.

Robert J. Hoffman, of Modesto, Reynolds & McDermott, of Wheaton, for appellees.

Terrence K. Hegarty & Associates, Ltd., of Chicago (Timothy W. Heath, of counsel), for *amicus curiae* Illinois Trial Lawyers Association.

CHIEF JUSTICE BILANDIC delivered the opinion of the court:

The central issue in this appeal is whether the Fire Fighter Liability Act (Ill. Rev. Stat. 1987, ch. 127$^{1}/_{2}$, par. 46) has been repealed by implication. The plaintiff, Robert Jahn, filed a three-count amended complaint alleging personal injury in the circuit court of Will County against the Troy Fire Protection District (the District) and Robert Meyers (Meyers), a fire fighter employed by the District. Count III, which is at issue in this appeal, claimed that the District is liable for Mey-

ers' negligence pursuant to the Fire Fighter Liability Act. The trial court denied the defendants' motion to dismiss count III and certified the following question for interlocutory appeal: Whether the Fire Fighter Liability Act constitutes an invalid classification between different government agencies that perform the same function. See 134 Ill. 2d R. 308.

The appellate court answered the certified question in the affirmative and found that the Fire Fighter Liability Act has been repealed by implication. (255 Ill. App. 3d 933.) We granted the plaintiff's petition for leave to appeal (145 Ill. 2d R. 315). We allowed the Illinois Trial Lawyers Association to submit a brief as *amicus curiae* in support of the plaintiff's position.

## FACTS

On August 25, 1988, the plaintiff was working on a road repair project for his employer, the Department of Transportation. Meyers drove a fire truck through the construction site during an emergency call. The fire truck hit a construction marker cone. The cone flew into the air, striking and injuring the plaintiff.

Counts I and III of the plaintiff's amended complaint sounded in negligence. Count III specifically claimed that the District is liable for Meyers' negligence pursuant to the Fire Fighter Liability Act. The defendants moved to dismiss these counts with prejudice. The motion to dismiss count I was based on the immunity provision of section 5—106 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1987, ch. 85, par. 5—106). The motion to dismiss count III contended that the Fire Fighter Liability Act creates an invalid classification between different government agencies that perform the same function.

The trial court dismissed count I, but denied the motion to dismiss count III. The appellate court held that

count III should be dismissed because the Fire Fighter Liability Act has been repealed by implication. 255 Ill. App. 3d at 941.

## ANALYSIS

### I

As an initial matter, the plaintiff argues that the District lacked standing to challenge the validity of the Fire Fighter Liability Act in its motion to dismiss. He asserts that the District, a unit of local government, could not raise an equal protection challenge because it is not a person. See *Williams v. Mayor & City Council* (1933), 289 U.S. 36, 77 L. Ed. 1015, 53 S. Ct. 431; *Meador v. City of Salem* (1972), 51 Ill. 2d 572.

Although the District may have framed the issue in the trial court as an equal protection problem, that characterization was inappropriate. The real issue in this case concerns whether the Fire Fighter Liability Act remains valid in light of subsequent legislation. The District undoubtedly would have had standing to pursue such a challenge in the trial court because it implicates no constitutional rights. We therefore reject the plaintiff's assertion.

### II

The plaintiff next contends that the appellate court erred in holding that the Fire Fighter Liability Act has been repealed by implication. He argues that the appellate court improperly presumed that the General Assembly intended to repeal the Fire Fighter Liability Act by amending the Tort Immunity Act. According to the plaintiff, any conflict between the two statutes must be resolved in favor of him, the injured party.

It is presumed that the legislature will not enact a law which completely contradicts a prior statute without an express repeal of it and that statutes relating to the same subject are to be governed by one spirit and a

single policy. (*State of Illinois v. Mikusch* (1990), 138 Ill. 2d 242, 248.) For a later enactment to operate as a repeal by implication of an existing statute, there must be such a manifest and total repugnance that the two cannot stand together. (*Mikusch*, 138 Ill. 2d at 248.) A construction of the two statutes that allows both to stand is favored, if possible. *Mikusch*, 138 Ill. 2d at 248.

The Fire Fighter Liability Act provides that fire protection districts are liable for injuries caused by the *negligent* conduct of their fire fighters in operating motor vehicles. (Ill. Rev. Stat. 1987, ch. 127¹/₂, par. 46.) Negligence is defined as the failure to use such care as a reasonably prudent and careful person would use under similar circumstances. Black's Law Dictionary 1032 (6th ed. 1990).

Conversely, the Tort Immunity Act provides:

> "*Except for willful or wanton conduct*, neither a local public entity, nor a public employee acting within the scope of his employment, is liable for an injury caused by the negligent operation of a motor vehicle or firefighting or rescue equipment, when responding to an emergency call, including transportation of a person to a medical facility." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 85, par. 5—106.)

This section explicitly governs fire protection districts. (Ill. Rev. Stat. 1987, ch. 85, par. 1—206 (" '[l]ocal public entity' includes a *** fire protection district").) Willful and wanton misconduct is found where an act was done " ' "with actual intention or with a conscious disregard or indifference for the consequences." ' " (*Burke v. 12 Rothschild's Liquor Mart, Inc.* (1992), 148 Ill. 2d 429, 451, quoting *Lynch v. Board of Education of Collinsville Community Unit District No. 10* (1980), 82 Ill. 2d 415, 430, quoting *Myers v. Krajefska* (1956), 8 Ill. 2d 322, 328-29.) By setting forth this higher threshold for imposing liability, the Tort Immunity Act provides fire protection districts with immunity from mere negligence.

It is apparent from their language that the Fire Fighter Liability Act and the Tort Immunity Act are in direct conflict with each other. Both statutes pertain to fire protection districts on the same subject matter. Yet, the Fire Fighter Liability Act *imposes liability* for mere negligence, while the Tort Immunity Act *grants immunity* from mere negligence. We conclude that the two statutes exhibit total repugnance. We further conclude that a construction of the two statutes that would allow both to stand is not possible. See *Stubblefield v. City of Chicago* (1971), 48 Ill. 2d 267.

Once a court decides that two statutory provisions are irreconcilable, it must determine which should prevail. The plaintiff maintains that the Fire Fighter Liability Act should prevail because it contains the standard that provides the injured party with greater protection. He cites *Harvey v. Clyde Park District* (1964), 32 Ill. 2d 60, in support of his position. There, a child was injured on a slide negligently maintained by the park district. The *Harvey* court noted that municipalities and park districts, among other units of government, maintain recreational facilities available for public use. The statutory scheme then in effect would have allowed the injured child to recover against a municipality for negligence, but barred recovery against a park district for the same act of negligence. The court found these classifications invalid because they created different standards of tort liability for government units that perform the same function. The court invalidated the statute that provided the injured child with less protection. *Harvey*, 32 Ill. 2d at 67.

*Harvey* is distinguishable from the present case. The court in *Harvey* was presented with invalid classifications between different government units performing the same function. (*Harvey*, 32 Ill. 2d at 66-67.) Here, we are presented with conflicting standards for imposing

liability upon a single government unit, namely, a fire protection district. Therefore, *Harvey* is not controlling.

In resolving which statute should prevail, we are guided by rules of statutory construction. The fundamental rule of statutory construction is to give effect to the intent of the legislature. (*Mikusch*, 138 Ill. 2d at 247.) When choosing between two statutes in direct conflict, the more recent enactment generally will prevail as the later expression of legislative intent. (*Mikusch*, 138 Ill. 2d at 254.) In the instant case, the amended version of the Tort Immunity Act must prevail because it is the more recent enactment. We conclude, therefore, that the Fire Fighter Liability Act has been repealed by implication.

As an aside, the plaintiff notes that the General Assembly has amended the Fire Fighter Liability Act on one occasion since the Tort Immunity Act was amended in 1986. He avers that this amendment demonstrates the legislature's intent that the Fire Fighter Liability Act remain valid. This argument is not persuasive. The amendment that the plaintiff refers to merely assigned a short title to the act at the same time that 1,400 other acts were given short titles. (Pub. Act 86—1324, eff. September 6, 1990; 1990 Ill. Laws 2409-572.) Certainly no legislative intent to enforce the Fire Fighter Liability Act can be assumed from this perfunctory task.

The legislative history in fact supports our conclusion that the Fire Fighter Liability Act has been repealed by implication. Before 1986, the Tort Immunity Act provided that local public entities were not liable for any injuries caused by fire fighters, with two exceptions. (Ill. Rev. Stat. 1985, ch. 85, par. 5—103(b) (amended 1986).) The first exception, the Fire Fighter Liability Act, pertained to fire protection districts. (Ill. Rev. Stat. 1985, ch. 127$^1$/$_2$, par. 46.) The second excep-

tion, section 1—4—4 of the Illinois Municipal Code, pertained to municipal fire departments. (Ill. Rev. Stat. 1985, ch. 24, par. 1—4—4 (repealed 1986).) Both of these statutes imposed liability for a fire fighter's negligent operation of motor vehicles. See *Stubblefield*, 48 Ill. 2d 267.

In 1986, the General Assembly amended the Tort Immunity Act. (Pub. Act 84—1431, eff. November 25, 1986 (amending Ill. Rev. Stat. 1985, ch. 85, par. 1—101 *et seq.*); 1986 Ill. Laws 3740-53.) It added section 5—106, which provides that local public entities are liable only for injuries caused by the willful or wanton misconduct of their fire fighters in operating motor vehicles. (Ill. Rev. Stat. 1987, ch. 85, par. 5—106.) This section applies to both fire protection districts and municipal fire departments. Ill. Rev. Stat. 1987, ch. 85, par. 1—206.

At the same time, the General Assembly deleted the provision which stated that the Fire Fighter Liability Act and section 1—4—4 of the Illinois Municipal Code are exceptions to the Tort Immunity Act. (1986 Ill. Laws 3753.) The General Assembly then expressly repealed section 1—4—4 of the Illinois Municipal Code (1986 Ill. Laws 3753), but did not repeal the Fire Fighter Liability Act.

As a result of the foregoing events, the Fire Fighter Liability Act remains on the books although it is repugnant to the amended version of the Tort Immunity Act. The only reasonable inference is that the legislature intended to repeal the Fire Fighter Liability Act when it removed it as an exception to the Tort Immunity Act, but inadvertently failed to do so. Consequently, we hold that the Fire Fighter Liability Act has been repealed by implication.

For the reasons expressed above, we affirm the judgment of the appellate court.

*Affirmed.*